UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) INDICTMENT CR-08-10 PJS/FLN |
| Plaintiff, | ) (26 U.S.C. § 7202) |
| v. | ) |
| FRANCIS LEROY MCLAIN, | ) |
| Defendant. | ) |

THE UNITED STATES GRAND JURY CHARGES THAT:

**INTRODUCTION**

1.  From in or about 2001 through at least in or about 2004, defendant Francis LeRoy McLain owned and operated Kirpal Nurses, LLC, d/b/a Kind Hearts (hereinafter, "Kirpal/Kind Hearts"), a company that supplied nurses and other nursing professionals to nursing homes and other health care facilities on a temporary basis.

2.  At all times relevant to this Indictment, Kirpal/Kind Hearts had its principal place of business in Minneapolis, Minnesota.

3.  At all times relevant to this Indictment, Kirpal/Kind Hearts was a "supplemental nursing services agency" as defined by Minnesota law.

4.  At all times relevant to this Indictment, defendant McLain was a responsible person within Kirpal/Kind Hearts and had a duty to collect, account for, and pay over federal income taxes, as well as Federal Insurance Contribution Act ("FICA") taxes (made



JAN 0 8 2008

U.S. v. Francis LeRoy McLain

up of social security taxes and hospital insurance or Medicare taxes), on the wages of individual employees of Kirpal/Kind Hearts (hereinafter, collectively referred to as "employment taxes").

5.   At all times relevant to this Indictment, defendant McLain had a duty to sign and file Employer's Quarterly Federal Tax Returns, Forms 941, with the Internal Revenue Service ("IRS") to account for Kirpal/Kind Hearts' employment taxes.

6.   Prior to the inception of Kirpal/Kind Hearts, beginning in or about 1987, defendant McLain owned and operated predecessor companies that provided temporary nursing services under various names, including Lifelines Care, Inc. (incorporated in Minnesota); Lifelines Care, Inc. (incorporated in Colorado); Lifelines Cooperative Care, Inc., and Cooperative Nurses, Inc. (hereinafter, the "Lifelines/Cooperative entities").

7.   From in or about 1987 to in or about 1991, defendant McLain failed to account for and pay over employment taxes on the wages of employees of the Lifelines/Cooperative entities despite communications from the IRS demanding that he pay over such employment taxes.

8.   In or about 1995, the Lifelines/Cooperative entities, through defendant McLain, brought several civil lawsuits against the United States, claiming, essentially, that the nursing professionals who worked for the Lifelines/Cooperative entities

U.S. v. Francis LeRoy McLain

were independent contractors rather than employees, and that therefore there was no requirement to pay employment taxes. The United States disagreed with this position, and it counterclaimed for unpaid employment taxes, penalties, and interest.

9. In or about 1998, the Lifelines/Cooperative entities, through defendant McLain, settled the civil lawsuits with the United States (hereinafter, "1998 IRS Settlement"). As part of the 1998 IRS Settlement, the IRS obtained monetary civil judgments against the Lifelines/Cooperative entities for unpaid employment taxes, penalties, and interest. As a further part of the 1998 IRS Settlement, defendant McLain agreed that, with respect to any other business similar to the Lifelines/Cooperative entities that he might own, operate, or control in the future, he would treat as employees for tax purposes all workers who performed functions or duties that were the same or similar as the functions or duties performed by the nurses and nursing assistants who worked for the Lifelines/Cooperative entities. In other words, defendant McLain was obligated to withhold and pay over employment taxes for the nursing professionals who worked for any of his entities.

10. Following the 1998 IRS Settlement, defendant McLain established or attempted to establish a series of successor entities. These entities included Kind Hearts, LLC, established in or about 1999, Kirpal/Kind Hearts, established in or about 2001,

3

U.S. v. Francis LeRoy McLain

and Kirpal Nurses Pure Trust, d/b/a Kind Hearts, established in or about 2005. Although the successor entities were organized under different names, each of these entities operated in essentially the same way, using many of the same employees and assets, as the Lifelines/Cooperative entities. Specifically, as defendant McLain well knew, the Kirpal/Kind Hearts nursing professional performed functions or duties that were the same or similar as the functions or duties performed by the nursing professionals who worked for the Lifelines/Cooperative entities. Thus, defendant McLain knew he was required to treat the Kirpal/Kind Hearts nursing professionals as employees for tax purposes, including withholding and paying over employment taxes.

11. Defendant McLain took steps to hide his ownership of and involvement in these successor entities, including Kirpal/Kind Hearts, by using nominees as the purported organizers, owners, and/or operators of the entities. For example, defendant McLain used his daughter as a nominee for some of his entities, even though his daughter had little or no involvement in the entities.

12. Following the 1998 IRS Settlement, from in or about June 1999 through in or about December 2001, defendant McLain arranged to file Forms 941 and to pay over to the IRS some but not all of the employment taxes that were due and owing on the wages of his employees.

U.S. v. Francis LeRoy McLain

13. In addition to defendant McLain's knowledge of employment tax requirements from the 1998 IRS Settlement and otherwise, in or about April 2002, pursuant to a new Minnesota state law, all Minnesota supplemental nursing services agencies were required to treat their nursing professionals as employees, rather than as independent contractors. In particular, all supplemental nursing services agencies were required to provide the state with information regarding the particular financial institution in which employment tax withholdings were deposited.

14. In or about May 2002, the Minnesota Department of Health sent out a bulletin to all supplemental nursing services agencies, including Kirpal/Kind Hearts, advising them of the changes in Minnesota law described in the previous paragraph.

15. Thereafter, on various dates, including in or about December 2002, defendant McLain provided the Minnesota Department of Health with registration forms for Kirpal/Kind Hearts. In those forms, defendant McLain identified a particular financial institution in which employment tax withholdings were purportedly deposited, and defendant McLain asserted that employment taxes were being withheld for all Kirpal/Kind Hearts employees, including nursing professionals.

16. In or about December 2002, the Minnesota Department of Health conducted an onsite visit of Kirpal/Kind Hearts that

U.S. v. Francis LeRoy McLain

addressed, among other issues, whether the company was treating its nursing professionals as employees for all purposes, including withholding and paying over employment taxes. As a result of this visit, in or about December 2002, the Minnesota Department of Health sent defendant McLain a letter stating, among other things, that Kirpal/Kind Hearts was in violation of Minnesota law because Kirpal/Kind Hearts failed to provide evidence of employment tax withholdings and failed to document that all staff were treated as employees rather than as independent contractors.

17. In or about December 2002, for the calendar quarter ending on or about December 31, 2002, Kirpal/Kind Hearts provided the IRS with a single payment of approximately $4,200 in employment taxes. Thereafter, Kirpal/Kind Hearts failed to make any employment tax payments to the IRS.

18. From at least in or about January 2003 through at least in or about January 2005, defendant McLain caused Kirpal/Kind Hearts to issue Forms W-2, Wage and Tax Statements, to at least some of its employees, reflecting that employment taxes, including FICA taxes, were withheld from the wages of Kirpal/Kind Hearts' employees. Defendant McLain, however, failed to file any Forms W-2 with the IRS, as required by law.

19. From at least in or about January 2003 through at least in or about January 2005, defendant McLain failed to file Forms 941

U.S. v. Francis LeRoy McLain

for Kirpal/Kind Hearts, as required by law.

20.  From at least in or about January 2003 through at least in or about January 2005, defendant McLain failed to account for and pay over to the IRS employment taxes on the wages of employees for Kirpal/Kind Hearts.

## COUNTS 1-9
(Failure to Account for and Pay Over Employment Taxes)

21.  The Grand Jury realleges paragraphs 1 through 20 of the Indictment as if set forth in full herein.

22.  On or about the dates set forth below, in the State and District of Minnesota and elsewhere, the defendant,

**FRANCIS LEROY MCLAIN,**

willfully failed truthfully to account for and pay over to the Internal Revenue Service federal income taxes on the wages of employees of Kirpal Nurses, LLC, d/b/a Kind Hearts, and those employees' share of FICA taxes that were due and owing to the United States of America, as follows:

| COUNT | DUE DATE | QUARTER ENDING | FEDERAL INCOME TAXES NOT ACCOUNTED FOR AND PAID OVER | EMPLOYEES' SHARE OF FICA TAXES NOT ACCOUNTED FOR AND PAID OVER |
|---|---|---|---|---|
| 1 | 1/31/2003 | 12/31/2002 | $38,820.49 | $26,519.30 |
| 2 | 4/30/2003 | 3/31/2003 | $42,124.95 | $29,126.76 |
| 3 | 7/31/2003 | 6/30/2003 | $31,206.27 | $23,134.98 |
| 4 | 10/31/2003 | 9/30/2003 | $33,359.91 | $26,249.96 |

7

United States v. Francis LeRoy McLain

| COUNT | DUE DATE | QUARTER ENDING | FEDERAL INCOME TAXES NOT ACCOUNTED FOR AND PAID OVER | EMPLOYEES' SHARE OF FICA TAXES NOT ACCOUNTED FOR AND PAID OVER |
|---|---|---|---|---|
| 5 | 1/31/2004 | 12/31/2003 | $41,096.08 | $29,238.73 |
| 6 | 4/30/2004 | 3/31/2004 | $40,168.82 | $29,648.68 |
| 7 | 7/31/2004 | 6/30/2004 | $35,038.02 | $27,210.48 |
| 8 | 10/31/2004 | 9/30/2004 | $40,586.48 | $29,753.24 |
| 9 | 1/31/2005 | 12/31/2004 | $42,529.47 | $27,572.81 |

All in violation of Title 26, United States Code, Section 7202.

A TRUE BILL

_____        _____
UNITED STATES ATTORNEY                FOREPERSON