UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 08-10(PJS/FLN)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S MOTIONS |
| v. | ) | [Docket Nos. 46, 48, 54, 58, |
| | ) | 60, and 64] |
| FRANCIS LEROY MCLAIN, | ) | |
| | ) | |
| Defendant. | ) | |

The United States, by and through its attorneys, Frank J. Magill, Jr., Acting United States Attorney, and David M. Genrich, Assistant United States Attorneys, submits this memorandum in response to several filings by defendant Francis McLain.

In particular, the Government submits this memorandum in response to defendant's: [1] Motion to Dismiss Indictment for Failure to Comply with Federal Rule of Criminal Procedure 6(b)(1) and (2) [Docket No. 46]; [2] Motion to Dismiss under Federal Rule of Criminal Procedure 12(b)(2) [Doc. No. 48]; [3] Motion to Dismiss Indictment for Violation of the Grand Jury Clause of the Fifth Amendment [Doc. No. 54]; [4] Motion for Clarification [Doc. No. 58]; and [5] Objection to the Juror's Oath [Doc. Nos. 60, 64].

**I.   MOTION TO DISMISS INDICTMENT FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CRIMINAL PROCEDURE 6(B)(1) AND (2) [DOCKET NO. 46].**

Defendant's motion makes no challenge to the way in which the grand jury was drawn, summoned, or selected.  Def. Mem., Doc. No. 47, at 1.  Defendant identifies no specific challenge to the qualification of any juror or jurors who were selected pursuant to

the district court's (unchallenged) juror qualification and selection process.  To the extent the motion addresses access to the record of grand jurors concurring, that request was addressed by the Court during the motions hearing.  The motion otherwise fails for lack of particularity and no showing of particularized need.  See, e.g., Schlegel v. Paulose, 2008 WL 108991, *2-*3, (D.Minn. January 9, 2008)(Montgomery, J.)(slip copy attached as Attachment 1)(rejecting qualification of grand jurors motion for lack of particularized need)(citing United States v. Hansel, 70 F.3d 6, 8 (2d Cir. 1995)); see also United States v. Friel, 2006 WL 2061395, *2-*3 (D.Me. July 21, 2006)(unpublished and attached as Attachment 2)(discussing particularized need standard in context of motions for disclosure of grand jury information); United States v. Smith, 2004 WL 784521, *4 (W.D.Tenn. January 26, 2004)(unpublished and attached as Attachment 3)(same).

## II.   MOTION TO DISMISS UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 12(B)(2) [DOC. NO. 48].

Defendant asserts that Congress had no authority to enact criminal penalties for not paying taxes or filling out forms correctly. Def. Mem., Doc. No. 57 at 1.  This argument has been repeatedly rejected, including in this Circuit. See United States v. Drefke, 707 F.2d 978, 981 (8th Cir. 1983)("Article I, Section 89 of the Constitution and the Sixteenth Amendment empower Congress to create and *enforce* an income tax.")(emphasis in original); see also United States v. Dack, 747 F.2d 1172, 1176 n.5 (7th Cir.

2

1984)("Congress does have the constitutional authority to impose criminal penalties for income tax evasion)(citing Drefke).

### III. MOTION TO DISMISS INDICTMENT FOR VIOLATION OF THE GRAND JURY CLAUSE OF THE FIFTH AMENDMENT [DOC. NO. 54].

Defendant challenges Congress' authority to establish procedures related to the mode of grand jury proceedings. Def. Mem., Doc. 55 at 1-2. It has been long-settled, however, that Congress has the authority to regulate matters of practice and procedure in the federal courts. Jackson v. Stinnett, 102 F.3d 132, 134-35 (5th Cir. 1996)(citing, *inter alia*, Sibbach v. Wilson & Co., 312 U.S.1,, 9-10, 61 S.Ct. 422, 424 (1941)). That authority, as exercised by Congress and delegated to the Supreme Court, gave rise to the promulgation of the Federal Rules of Criminal Procedure, including regulation of the mode of grand jury proceedings. United States v. Navarro-Vargas, 408 F.3d 1184, 1188-89 & n.6 (9th Cir. 2005)(reviewing Congress' authority to regulate modern grand jury procedures).

Defendant's motion otherwise makes general allegations about grand jury practice. There is a strong presumption of regularity attached to the grand jury. United States v. West, 549 F.2d 545, 554 (8th Cir. 1977). A defendant bears a heavy burden in seeking to overturn the presumption that an indictment has been returned by a legally-constituted body acting on competent evidence before it. Since the indictment is legally sufficient on its face, there is no basis for further inquiry into the sufficiency or validity of the

evidence on which the indictment was based.   United States v. Calandra, 414 U.S. 338, 349-52 (1974); Costello v. United States, 350 U.S. 359, 363-64 (1956).

## IV.   MOTION FOR CLARIFICATION [DOC. NO. 58].

Defendant's motion purports to pose questions to the Court about application of law.  Def. Mem., Doc. No. 59 at 1-3.  The "motion" identifies no justiciable legal issue pled on a set of particularized facts and asks for no form of relief.  The "motion" should be denied.

## V.   OBJECTION TO THE JUROR'S OATH [DOC. NOS. 60, 64].

Defendant's motion objects to the form of oath delivered to trial jurors.  Def. Mem., Doc. No. 61.  This motion addresses the anticipated administration of trial proceedings by the district court, and should be deferred to the trial court.

**CONCLUSION**

The government respectfully requests that the motions be adjudicated consistent with the positions noted above.

Dated: April 21, 2008                    Respectfully Submitted,
                                         FRANK J. MAGILL, JR.
                                         Acting United States Attorney

                                         s/David M. Genrich

                                         BY: DAVID M. GENRICH
                                         Assistant U.S. Attorney