# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### 08-CR-00010-PJS/FLN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICK J. SCHILTZ |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| FRANCIS LEROY McLAIN, | ) | FRANKLIN L. NOEL |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS INDICTMENT FOR UNLAWFUL SERVICE OF PROCESS IN VIOLATION OF THE FOURTH AMENDMENT

COMES Rick Mattox, Court-Appointed Attorney for the defendant in the above-entitled action, Francis McLain, and would show this Court the following.

The Fourth Amendment to the U.S. Constitution states the following in part:

> The right of the people to be secure in their persons … shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation …

In the instant matter, there has been defective, unlawful, and unconstitutional service of the purported indictment, since the arrest warrant to bring Defendant McLain into custody **was not supported by oath or affirmation**.

> The language of the Fourth Amendment, that '… no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing … the person or things to be seized,' of course applies to arrest as well as search warrants. *Giordenello v. United States*, 357 U.S. 480 485-86 (June 30, 1958)

1

Federal Rule of Criminal Procedure 9 (a) states the following:

> **Issuance**.   The Court must issue a Warrant – or at the government's request, a summons -- for each defendant named in an indictment ….

This Rule provides for an arrest warrant to issue, but does not authorize the warrant to issue without the Defendant's due process right of a probable cause statement being given under oath in pursuance of the Fourth Amendment.   Unless an indictment is presented along with an Affidavit or with a probable cause statement made under oath, the indictment cannot be used in lieu of such an Affidavit in order for an Arrest Warrant to issue.

> It is not without significance, that most of the provisions of the Bill of Rights are procedural.   It is procedure that spells much of the difference between rule by law and rule by whim or caprice.   Steadfast adherence to strict procedural safeguards is our main assurance that there will be equal justice under law.
>
> *Joint Anti-Fascist Committee v. McGrath*, 341 U.S. 123, 179 (1951) (Douglas, J., concurring).

The U.S. Supreme Court in *Byars v. United States*, 273 U.S. 28 (1927) states the following:

> Constitutional provisions for the security of person and property are to be liberally construed, and "it is the duty of the courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon."

The Federal case law also holds in the following case that a complaint must be "sworn" to under "oath" before a warrant can be issued:

> "The rule is that there must be compliance with whatever formalities are required by statute.  19 Ency. Pl. & Pr. 327; 25 Am. & Eng. Ency. Law, 147.  On this point it is said in Archibold's Crim. Pr. & Pr. (8th Ed.), 131:

2

**"The proceedings upon ... warrants should be strictly legal, for there is not a description of process known to the law, the execution of which is more distressing to the citizen**. *Perhaps there is none which excites such intense feeling in consequences of its humiliating and degrading effects.* (bold and italics added)

"A ... warrant may issue only upon probable cause, supported by oath or affirmation.  The question of probable cause must be submitted to the committing magistrate, so that he may exercise his judgment as to the sufficiency of the ground for believing the accused person guilty.  25 Am. & Eng. Ency. Law, 147 et seq.  The United States commissioner, or other officer with whom an affidavit is filed, may not simply because such affidavit is presented, issue a warrant.  The affidavit must itself be sufficient, must state facts which justify the issuance of a warrant and the commissioner or such other officer is required by law to satisfy himself of the sufficiency of the affidavit and that the circumstances call for the issuance of a warrant."  *United States v. Borkowski*, 268 Federal Reporter 408, 410 (May 24, 1920).    (underlining added for emphasis)

The U.S. Supreme Court spoke in clear and unmistakable language in *Ex Parte Burford* that a criminal complaint must be supported by oath, when it stated:

"It does not Charge him of their own knowledge, or suspicion, or upon the oath of any person whomsoever.....the Judges of this court were unanimous of opinion, that the warrant of commitment was illegal, for want of stating some good cause certain, supported by oath......The prisoner is discharged." *Ex Parte Burford*, 7 US 448 (Cranch, 1806).

In the instant matter, an Affidavit of Probable Cause signed under oath has not supported the Arrest Warrant, nor has there been any evidence that the two signatures being drawn on the "Indictment" were made under oath or affirmation.

Consequently, there has been no Verified Complaint that has been presented to the Defendant.

Has the U.S. Attorney perpetrated a fraud upon the court via improper service of the Defendant, and via an insufficient adherence to the rules for a lawful indictment, all of

3

which are a misuse of the public's trust funds?

If so, shouldn't this case be dismissed for the violation of the Defendant's right to due process that is protected under the Fourth and Fifth Amendments?

The due process rights as enumerated in the Bill of Rights at Amendments 4, 5, 6, 7 and 8 are very specific in protecting the lives, liberties, and properties of the private citizen. These rights were so cherished by the founding fathers that they were added to the U.S. Constitution in 1791 in order that government policies or procedures would not be allowed to become remiss of due process. In regard to the issuance of warrants, the Washington Supreme Court has stated this very succinctly:

> The rights of individuals as guaranteed by our Constitution are not to be lightly considered. The framers of our Constitutions, Federal and State, realized the laws affecting the liberty of men must be safeguarded, since the wisdom of the ages has taught that unrestrained official conduct in depriving men of their liberties would soon amount to a total loss of those liberties. **Where procedure relating to arrest and search is provided, it must be strictly followed**. *State v. Miles*, 29 Wn.2d 921, at 926, 190 P.2d 740 (1948)   (Bold added for emphasis)

If the rules and procedures are not strictly adhered to, the government quietly and subtly could begin to violate the people's due process rights under the guise or excuse of being more "expedient" or "efficient". Is expediency more important than the rights of individuals?

**Title 28 U.S.C. Section 1691** states the following:

> All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof.

In the instant matter, the Search Warrants of May 2005 were not issued under the seal of the court nor has one been signed by the clerk thereof.

4

In the instant matter, the Arrest Warrant was not issued under the seal of the court, and although it was apparently signed by a clerk, there was no signature of a Magistrate Judge.  There also was no seal of a Magistrate certifying it as one of his/her official acts, and there was no Affidavit of Probable Cause or Indictment attached to it.

Also, the purported indictment appears not to have been examined by a judge as it was not issued under the seal of the court, nor was it signed by the clerk thereof.

Wherefore, have not the rules of the Court been egregiously abrogated?

FRCRP at Rules 4, Rule 5, and Rule 9 provide the procedures for issuing and executing an Arrest Warrant.

Rule 9 (a) states in part:

> The court must issue the arrest warrant to an officer authorized to execute it …

Rule 9 (b) states in part:

> The warrant must conform to Rule 4(b) (1) …

Rule 9 (c) states in part:

> The warrant must be executed …. as provided in Rule 4(c) (1), (2), and (3).

Rule 4 (b) (1) (D) under **Form, Warrant** states:

> **A warrant must be signed by a judge.**

> (Bold added for emphasis)

The "Secret" Arrest Warrant used to arrest McLain was not in conformance with this rule, since it was not signed by a judge.  Has not an accused the right to the presumption of being innocent, and the right to examine a warrant when being arrested and to be appraised of the probable cause?  An arrest warrant unsigned by a judge violates an accused's due process rights – those which allow an accused to immediately recognize that a judge has authorized the Arrest Warrant by signature and seal.  According to the Rules at 9(b) (1) and at 4(b) (1) (D) an Arrest Warrant must contain two signatures, one by the judge and one by the clerk.

5

**Title 28 USC Section 638 (c)** states the following:

> The Director shall furnish to each United States magistrate judge appointed under this chapter an official impression seal in a form prescribed by the conference.  And each such officer shall affix his seal to every jurat or certificate of his official acts without fee.

The Arrest Warrant had no evidence of such seal of the Magistrate affixed to it.

Rule 4 (c) (2) under **Execution or Service, Location** states:

> A warrant may be executed .… within the jurisdiction of the
> United States …

Article I, Section 8, Clause 17 limits the area over which the Congress shall have exclusive jurisdiction.  Has the private property in Montana where defendant was arrested been ceded back to the United States per Article I, Section 8, Clause 17?  Was the property upon which McLain was apprehended "within the jurisdiction of the United States" as per Rule 4 (c) (2)?  See U.S. Attorney General Herbert Brownell's report of April 27, 1956 titled "JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES, PART I" and subtitled "REPORT OF THE INTERDEPARTMENTAL COMMITTEE FOR THE STUDY OF JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES" and also the Attorney General's report of June 27, 1957 titled "JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES, PART II, A TEXT OF THE LAW OF LEGISLATIVE JURISDICTION'.

Rule 4 (c) (3) (A) under **Execution or Service, Manner** states:

> A warrant is executed by arresting the defendant.  Upon arrest, an officer possessing the warrant must show it to the defendant.

6

At the time of the arrest, the U.S. Marshall did not show the Defendant an Arrest Warrant. When it was requested, the officer told him he would see it soon enough.  Defendant McLain objected, and asked also to see any Affidavit of Probable Cause supported by oath which must be attached to the Warrant.  But his requests  fell on deaf ears, and he was not shown a copy of the single-page Arrest Warrant until over 40 minutes later when he was given a faxed copy of it by the jailer who put him into solitary confinement at the Park County Jail in Livingston, Montana for the night.  The arresting officer never did hand-deliver the defendant the Arrest Warrant, nor show any supporting probable cause indictment.  See attached

**Affidavit of Francis Leroy McLain** for the details concerning this matter.

> **Rights Of Accused**
> **Chapter 611.01 Ground of arrest, knowledge.**
>
> Every person arrested by virtue of process, or taken into custody by an officer, has a right to know from such officer the true ground of arrest; and every such officer who shall refuse to answer relative thereto, or shall answer untruly, or neglect on request to exhibit to the arrested person, or to any person acting in the arrested person's behalf, the precept by virtue of such arrest is made, shall be punished by a fine not exceeding $3,000.00 or by imprisonment in the county jail not exceeding one year.
> West's Minnesota Criminal Law Handbook, 2003 Edition, p. 617

Does this Court condone the government breaking the rules of law in order to enforce the law?

WHEREUPON, Defendant McLain has been given defective, ineffectual, unlawful, and unconstitutional service of process in instituting the prosecution in this case.  Thus, this Court lacks jurisdiction to proceed.

7

WHEREFORE, defendant Francis Leroy McLain moves this Court to dismiss the indictment against him.

Respectfully submitted,

Date:  May 5, 2008                    *s/ Rick E. Mattox*

_____
Rick E. Mattox, 0068731
Attorney for Defendant
16670 Franklin Trail, Suite 250
Prior Lake, MN  55372
 (952) 469-2299

8

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

### 08-CR-00010-PJS/FLN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICK J. SCHILTZ |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| FRANCIS LEROY McLAIN, | ) | FRANKLIN L. NOEL |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this _____ day of May, 2008, placed a true

and exact copy of the above and foregoing

### NOTICE AND MOTION TO DISMISS INDICTMENT
### FOR VIOLATION OF THE FOURTH AMENDMENT
### with MEMORANDUM IN SUPPORT
### and AFFIDAVIT OF FRANCIS LEROY MCLAIN

in the U. S. Mail, first class postage, prepaid, addressed to:

David Genrich
United States Attorney's Office
300 South 4th Street, Suite 600
Minneapolis, MN 55415
 (952) 469-2299


_____
Rick E. Mattox