UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-CR-0010 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| FRANCIS LEROY MCLAIN, | |
| Defendant. | |

David Genrich, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Rick E. Mattox, MATTOX LAW OFFICE, for defendant.

This matter is before the Court on two motions by defendant Francis Leroy McLain: (1) a motion asking the Court to "take judicial notice" of legal conclusions (dressed up as factual assertions) about the standard juror's oath, Def. Mot. Re. Oath [Docket No. 100]; and (2) a motion asking the Court to "take judicial notice" of "the case law concerning Federal Rule of Criminal Procedure 6(b)(1) and (2), as elucidated in *Schlegel v. Paulos*, No. 08-1627 and the files and records therein."  The Court denies both motions.

McLain asserts that the juror's oath in criminal cases has "no foundation" in "the common law," "the original intent of those who authored the United States Constitution," "any legislative enactment by Congress," or "any of the Federal Rules of Criminal Procedure." Def. Mot. re Oath at 2.  McLain characterizes these assertions as statements of "facts" that "are capable of accurate and ready determination by resort to the Constitution, the English Common Law, statutes enacted by Congress, and the Federal Rules of Criminal Procedure."  Def. Mem. Supp. Mot. re Oath at 2 [Docket No. 101].

McLain is dressing up a hopeless legal argument as an equally hopeless factual one.  The juror's oath administered by this Court in criminal cases is similar to the oath found in the Federal Judicial Center's *Benchbook for District Court Judges*.[1]  Far from being unlawful or unconstitutional, the juror's oath "is an essential element of the constitutional guarantee to a trial by an 'impartial' jury."  *State v. Godfrey*, 666 P.2d 1080, 1082 (Ariz. Ct. App. 1983).  Indeed, *failing* to give the oath is reversible error.  *Id.*  And a juror's unwillingness to abide by the oath is grounds for dismissing the juror.  *See United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997) ("Nullification is, by definition, a violation of a juror's oath to apply the law as instructed by the court . . . .  Accordingly, we conclude that a juror who intends to nullify the applicable law is no less subject to dismissal than is a juror who disregards the court's instructions due to an event or relationship that renders him biased or otherwise unable to render a fair and impartial verdict.").

As Chief Justice Marshall wrote in *Marbury v. Madison* — and as the United States Supreme Court has affirmed again and again over the generations — our government is "emphatically . . . a government of laws, and not of men."  5 U.S. (1 Cranch) 137, 163 (1803).  Central to such a government is a judicial system in which each juror applies the law, whether or not he or she personally believes that the law is just or wise.  The judicial system apparently envisioned by McLain — one in which jurors could pick and choose which laws they chose to

---

[1]The Court's standard oath to jurors in criminal cases is:  "Do each of you solemnly swear [*or* affirm] that you will well and truly try the issues in this case, and a true verdict render according to the evidence and the law, as it shall be given to you by the Court, so help you God?"

The standard oath in the *Benchbook* is:  "Do each of you solemnly swear [*or* affirm] that you will well and truly try and a true deliverance make, in the case now on trial, and render a true verdict according to the law and the evidence, so help you God?"  Federal Judicial Center, *Benchbook for U.S. District Court Judges* § 7.08 at 245 (5th ed. 2007).

enforce based on their political views or personal preferences — would be stand the notion of being a "government of laws, and not of men" on its head.  Defendants who had committed identical acts and violated identical laws would be treated differently depending on the whims of the jurors chosen to hear their cases.

This is not to say that jurors do not have the *ability* to disregard their oaths and render a verdict inconsistent with the law — that is, to "nullify."  They do.  But "the power of juries to 'nullify' or exercise a power of lenity is just that — a power; it is by no means a right or something that a judge should encourage or permit if it is within his authority to prevent." *Thomas*, 116 F.3d at 615.  And an exercise by the jury of the nullification power is "a violation of a juror's sworn duty to apply the law as interpreted by the court."  *Id.* at 616 (citations omitted).  That a juror has the ability to disregard his oath is not a reason for the Court to refuse to administer that oath in the first place.  This Court will administer the standard oath to the jurors hearing McLain's case, and this Court will not permit any party to encourage the jurors to violate that oath.

In his second motion, with respect to "case law" discussed in "*Schlegel v. Paulos*, No. 08-1627," McLain tries a tactic that the Court has already rejected.  In his objection to the May 15, 2008 Report and Recommendation of Magistrate Judge Franklin L. Noel, McLain said: "The opening brief of *Schlegel v. Paulose*, case no. 08-1627, currently pending in the Eighth Circuit Court of Appeals is attached hereto as Exhibit A.  The legal arguments in that brief are adopted and incorporated herein by reference."  Def. Obj. to R&R at 7 [Docket No. 85].  As McLain's counsel should know, this is not an acceptable way to make a legal argument, and the

Court said so on the very first page of its order adopting the Report and Recommendation.  Order June 4, 2008 at 1 n.1 [Docket No. 91].

Yet McLain now tries to get the arguments in the *Schlegel* briefs in front of the Court by asking the Court to take "judicial notice" of the "case law" discussed in those briefs.  This is not how legal argument works.  McLain cannot "incorporate by reference" arguments from some other case in briefs in this case; nor can McLain import arguments from another case into this one by asking the Court to take "judicial notice" of cases cited in that other case.

The Court reminds McLain's counsel that he is an officer of this Court and has an independent obligation, regardless of what his client may demand, to refrain from filing frivolous motions.  He may not simply sign and file whatever his client asks him to sign and file.  This Court has the inherent power to impose sanctions for frivolous filings.  *See United States v. Robinson*, 251 F.3d 594, 596 (7th Cir. 2001) ("There is no legal objection to the imposition of sanctions for frivolous filings in a criminal case, *United States v. Cooper*, 170 F.3d 691, 692 (7th Cir. 1999); *see also In re Becraft*, 885 F.2d 547, 550 (9th Cir. 1989) (per curiam), though such imposition is rare.").  If McLain continues to make frivolous arguments — and, in particular, frivolous arguments that the Court has already rejected — he and his counsel will be courting sanctions, monetary and otherwise.

### ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      McLain's motion to "take judicial notice" with respect to case law discussed in *Schlegel v. Paulos* [Docket No. 98] DENIED.

2.      McLain's motion to "take judicial notice" with respect to the juror's oath [Docket

No. 100] is DENIED.


Dated: August 11, 2008                        s/Patrick J. Schiltz_____
                                             Patrick J. Schiltz
                                             United States District Judge