UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-CR-0010 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| FRANCES LEROY MCLAIN, | |
| Defendant. | |

David M. Genrich and Michael L. Cheever, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Rick E. Mattox, MATTOX LAW OFFICE, for defendant.

Defendant Frances Leroy McLain is charged with nine counts of failing to account for and pay over to the IRS the federal income taxes on the wages of the employees of his business in violation of 26 U.S.C. § 7202. This matter is before the Court on McLain's request for permission to file a motion to dismiss the indictment. The request is denied, because McLain's motion would be futile.

McLain seeks dismissal of the indictment on two grounds. First, McLain contends that he should be charged under 26 U.S.C. § 7215[1] rather than 26 U.S.C. § 7202. Second, McLain contends that the indictment is invalid because it charges him under Title 26 of the United States Code rather than under the United States Statutes at Large.

As to McLain's first argument: McLain recognizes that the government has the authority to choose the statute under which it will prosecute him, *see United States v. Batchelder*, 442 U.S.

---

[1] McLain cites 26 U.S.C. § 7512; § 7215 of that title sets forth the penalty provisions for violations of § 7512.

114, 123-24 (1979), and that fact disposes of his contention that he should have been charged under a different statute.

As to McLain's second argument:  After being enacted, laws are compiled into the United States Statutes at Large.  *See* 1 U.S.C. § 112.  Some laws are then codified and made part of the United States Code.  Ordinarily, the United States Code is not itself the law, but rather prima facie evidence of the law.  1 U.S.C. § 204(a).  Thus, where the text of the Code is inconsistent with the text of the Statutes at Large, the Statutes at Large control.  *See Stephan v. United States*, 319 U.S. 423, 426 (1943).  Some titles of the Code, however, have themselves been enacted into law after being codified.  *See generally* 2 U.S.C. § 285b (describing the functions of the Office of the Law Revision Counsel, which include preparing complete and corrected compilations of each title of the Code for the purpose of enactment into "positive law").  As to these titles, the Code itself is the controlling law.  *See* 1 U.S.C. § 204(a).

Pointing out that Title 26 is *not* one of those titles that has itself been enacted into law after being codified, McLain insinuates that there is something improper about the fact that he was charged under a section of Title 26 rather than the Statutes at Large.  This argument is specious.  McLain can cite no authority — for there is none — for the proposition that an indictment is invalid if it refers to the United States Code rather than to the Statutes at Large.

McLain also contends that the text of 26 U.S.C. § 7202 has been taken out of context and was never meant to apply to employment taxes.  This argument, too, is specious.  The plain language of the statute — which McLain does not contend is inconsistent with the Statutes at Large — covers the conduct with which McLain is charged.  Moreover, McLain points to no other language from the Statutes at Large that would indicate that § 7202 is *not* meant to apply to

his conduct.  The Court therefore DENIES McLain's request to file a motion to dismiss the indictment.

SO ORDERED.

Dated: October 24, 2008                          s/Patrick J. Schiltz
                                                 Patrick J. Schiltz
                                                 United States District Judge