UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-CR-0010 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER ON MOTIONS IN LIMINE |
| FRANCES LEROY MCLAIN, | |
| Defendant. | |

---

Michael L. Cheever and David M. Genrich, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Rick E. Mattox, MATTOX LAW OFFICE, for defendant.

Based on all of the files, records, and proceedings herein, and for the reasons stated on the record at the October 30, 2008 hearing, IT IS HEREBY ORDERED THAT:

1. The government's motion in limine to exclude certain exhibits and limit certain testimony [Docket No. 116] is GRANTED IN PART AND DENIED IN PART as follows:

    a. The motion is GRANTED with respect to evidence or argument regarding the validity or meaning of the tax laws. Any such evidence is plainly not admissible. The defendant is ORDERED not to argue, in front of the jury, that the tax laws are invalid or that the tax laws do not mean what the Court instructs the jury that they mean. Any such arguments should be made to the Court outside of the presence of the jury.

      b.      The motion is DENIED with respect to evidence of the defendant's subjective understanding of the tax laws. Such evidence is relevant and admissible on the issue of willfulness.

2.      Defendant's first motion in limine [Docket No. 106] is GRANTED IN PART AND DENIED IN PART as follows:

      a.      The motion is GRANTED with respect to defendant's request that the government be precluded from referring to nursing professionals as "employees." Whether the nursing professionals are employees is one of the key issues in this case; for the government to refer to them as "employees" would be to insert argument into the questioning of witnesses.

      b.      The motion is DENIED with respect to evidence regarding Minn. Stat. §§ 144A.70-144A.72 and defendant's efforts to comply with those statutes. Although such evidence does not establish that the nursing professionals *were* employees for purposes of the federal tax laws, such evidence is admissible on the issue of defendant's willfulness — that is, on the question of whether the defendant subjectively *believed* that the nursing professionals were employees for purposes of the federal tax laws.

3.      Defendant's second motion in limine [Docket No. 107] is DENIED with respect to the following evidence, which is relevant and admissible on the issues of willfulness and defendant's exercise of control over the Kind Hearts/Kirpal entities:

    a.    Evidence regarding defendant's tax-filing history for tax years 1999 to present, including:

        i.    Evidence regarding defendant's filing of an individual income tax return in 1999 and defendant's failure to file individual income tax returns from 2000 to 2007.

        ii.    Evidence regarding defendant's failure to file annual business tax returns on behalf of the Kind Hearts/Kirpal entities from 1999 to present.

        iii.    Evidence regarding defendant's filing of W-2s in connection with the Kind Hearts/Kirpal entities from 1999 to 2001 and defendant's failure to file W-2s in connection with the Kind Hearts/Kirpal entities from 2002 to present.

        iv.    Evidence regarding defendant's filing of Forms 941 in connection with the Kind Hearts/Kirpal entities for 1Q99, 2Q99, 1Q00, 2Q00, 3Q00, 4Q00, 1Q01, 3Q01, and 1Q02, and defendant's failure to file Forms 941 in connection with the Kind Hearts/Kirpal entities for all other quarters for the years 1999 to 2007.

        v.    Evidence that defendant did not file any Form 1099 in connection with the Kind Hearts/Kirpal entities from 1999 to 2007.

    b.    Evidence regarding defendant's communications about the treatment of losses for tax purposes reflected in the December 15, 2004 letter to James

      Allen, if the government calls Mr. Allen or another witness who can testify about the letter.

    c.    Evidence regarding the source of funds used to make mortgage payments on defendant's Montana ranch.

4.    The Court will rule on the remainder of the evidence challenged in defendant's second motion in limine on an item-by-item basis during trial. The government is ORDERED not to refer to such evidence in front of the jury unless and until the Court has ruled that it is admissible.

5.    Defendant's third motion in limine [Docket No. 108] is DENIED. Evidence regarding the 1998 settlement between defendant and the Internal Revenue Service is relevant and admissible on the issue of willfulness.

6.    Defendant's fourth motion in limine [Docket No. 111] is GRANTED. If the defendant testifies, evidence of defendant's 1989 conviction for failure to file an individual state tax return will not be admitted under Fed. R. Evid. 609 for the reasons stated on the record at the October 30, 2008 hearing. If offered to prove willfulness, evidence of the conviction will be excluded under Fed. R. Evid. 403. Although the evidence is relevant to the issue of willfulness, its probative value is slight in light of the age of the conviction; the fact that the existence of the conviction is disputed; and the lack of any information about the factual circumstances underlying the conviction. This slight probative value is substantially outweighed by the danger of unfair prejudice and confusion of the

issues; by considerations of undue delay and waste of time; and by the fact that the evidence is needlessly cumulative of a great deal of other evidence on the issue of willfulness.

Dated: October 31, 2008                                s/Patrick J. Schiltz
                                                                   Patrick J. Schiltz
                                                                   United States District Judge