UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal NO. 08-CR-00010-PJS-FLN

_____

UNITED STATES OF AMERICA,
                                    Plaintiff

v.                                                    MEMORANDUM IN SUPPORT OF
                                                      MOTION FOR JUDGMENT OF ACQUITTAL


FRANCIS LEROY McLAIN,
                                    Defendant
_____

:

STATEMENT OF THE CASE

This cause, currently being tried before the Court and a duly sworn Jury, arises out of

circumstances well known to the Court, thus a recitation of the facts of the case is not necessary.

The indictment by which Defendant is charged is very narrowly drawn and very specifically,

alleges that Defendant:

> "Willfully failed truthfully to account for and pay over to the Internal Revenue
> Service federal income taxes on the wages of employees of Kirpal Nurses, LLC,
> d/b/a Kind Hearts, and those employees' share of FICA taxes that were due and
> owing to the United States of America . . ."

Most notably, the indictment does not accuse Defendant of failure to withhold taxes from

the wages of the alleged employees of Kirpal Nurses, LLC, d/b/a Kind Hearts (hereinafter

sometimes referred to as "Kirpal Nurses" or "employer") but only failure to account for and pay

employment withholding taxes.

Defendant now moves the Court for Judgment of Acquittal, respectfully suggesting to the

Court that there is a total absence of evidence, much less sufficient proof, of any legal duty nor

1

any legal liability on the part of Defendant to pay those taxes to the federal government, and that,

therefore, Defendant is entitled to Judgment of Acquittal, discharging Defendant from all charges

brought against him.


ARGUMENT AND LAW

The legal duty to withhold federal income taxes from wages is created by 26 U.S.C. §

3402(a)

> "(a) Except as otherwise provided in this section, every <u>employer</u> making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary. . . ." (emphasis added)

and the legal duty, liability, to pay those withheld taxes by 26 U.S.C. § 3403:

> "The <u>employer</u> shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment."  (emphasis added)

The legal duty to withhold FICA taxes arises from 26 U.S.C. § 3102(a)(1), which reads in

pertinent part:

> "Requirement — The tax imposed by section 3101 shall be collected by the <u>employer</u> of the taxpayer, by deducting the amount of the tax from the wages as and when paid." (emphasis added)

and the legal duty, liability, to pay those withheld taxes derives from 26 U.S.C. § 3102(b):

> "(b) Indemnification of Employer — Every <u>employer</u> required so to deduct the tax shall be liable for the payment of such tax, and shall be indemnified against the claims and demands of any person for the amount of any such payment made by such employer."  (emphasis added)

The Internal Revenue Code, comprised exclusively of tax laws, is by its nature in derogation of rights and property and must be construed strictly[1], making the determination of the class of persons under a legal duty to withhold income taxes and FICA taxes from the wages of employees, and to account for and pay those taxes over to the United States a very simple process.  The only one required to withhold, account for and pay over is the employer.

"[T]he IRS has recourse *only* against the *employer* for their [withheld taxes] payment." *Slodov v. United States*, 436 U.S. 238, 243 (1978).  (emphasis and bracketed material added)

According not only to the evidence, but the indictment itself, the employer, if any, in this case is Kirpal Nurses, not Defendant.  The law does not impose any duty on the employees, officers or members of the employer, but only on the employer itself, thus the law imposes no duty upon Mr. McLain.

The IRS is not without its options in such cases as is clearly explained in both *Slodov (supra)* and in the recent case of *U. S. v. Farr*, _____ F.3d _____ (10th Cir., No. 07-6187, August 19, 2008), a copy of which is attached.  In *Farr*, the defendant kept books, made payroll and personally handled the finances and tax return duties for the clinic operated by herself and her husband.  Although taxes were withheld they were not paid over and Farr was charged with evasion of the employment withholding tax.

The court in *Farr* recognized that the employer, the clinic, was the only entity under a legal duty to withhold and liable for the payment of employment withholding taxes and, therefore, the only entity that could possibly violate that duty, and it was the only entity that could commit any crime relating to employment withholding taxes.  That premise, the premise of

---

[1] See *Billings v. U.S.*, 232 U.S. 261, 34 S.Ct. 421 (1914); *Gould v. Gould*, 245 U.S. 151, 38 S.Ct. 53, 153 (1917); *United States v. Merriam*, 263 U.S. 179, 44 S.Ct. 69 (1923); *United States v. Calamaro*, 354 U.S. 351, 77 S.Ct. 1138 (1957)

this motion, formed the basis for the court's ruling that the trial court's instruction that the indictment for employment withholding taxes was "equivalent" to indicting for evasion of the § 6672 trust fund recovery penalty constituted a constructive amendment of the indictment, reversing Farr's conviction.

It is important to note, and mover attaches the entire *Farr* decision to show that, unlike the Defendant, Mrs. Farr had been found to be a "responsible party" (the threshold requirement for application of § 6672) and to have "willfully failed" to pay over withheld taxes and was assessed a trust fund recovery penalty (but NOT assessed with employment withholding taxes) pursuant to 26 U.S.C. § 6672.  IRS Revenue Agent Michael Burns testified that he had followed this very same process with respect to Kind Hearts, LLC and Bernard McLain.

The Supreme Court in *Slodov*, *supra*, at 245, and the court in *Farr* at page 18 of its opinion both acknowledge that 26 U.S.C. § 7202, as a companion statute to § 6672, can be the basis for a prosecution with respect to the § 6672 trust fund recovery penalty, but in this case defendant has not been subjected to any such penalty, no assessment of the same has been issued or proposed and the crime alleged in the indictment, failure to pay employment withholding taxes, is one that can only be committed by an employer.

Stretching, *arguendo*, that association between § 7202 and those who would be "responsible parties" or "responsible persons", subjecting such persons to prosecution under § 7202, the sole duty—if any—that could be attributed to responsible persons would be the duty to withhold, since the law is clear and the Supreme Court is unequivocal in its interpretation of that law, that the only person liable for, under a duty to pay, the employment withholding taxes is the employer, not the "responsible person".  *Defendant has not been accused of failing to <u>withhold</u>,*

4

but only failing to <u>account for and pay</u>—a duty to which he is not and cannot be subjected, a duty imposed upon the employer alone. *Slodov*, *supra*.

Again, and only for the sake of argument, under the most liberal (not strictly construed, the standard to which both tax laws and criminal laws are entitled) construction of the law and of the holdings in *Slodov* and *Farr*, applied most favorably to the government, the employer's duty to withhold would be the only duty that could be imputed to another, since the law, both as written and as stated by the Supreme Court, refuses to make any third person liable for payment of the employment withholding taxes.

The indictment in this case is very narrowly drawn and there is no allegation that Defendant is or has ever been an employer of the independently contracting workers.  If there were any employees in this case, they would be the employees of Kirpal Nurses, not Defendant. In fact, that is exactly how the government describes the nurses in the indictment alleging a willful failure to perform a known duty to pay  "federal income taxes on the wages of *employees of Kirpal Nurses, LLC, d/b/a Kind Hearts*, and those employees' share of FICA taxes that were due and owing".

This case is not about any duty or liability that can be imposed or attributed to Defendant. The indictment does not accuse Defendant of failing to pay over a trust fund recovery penalty, the only possible liability that could conceivably be (but has not been) asserted against him.

The indictment does not accuse Defendant of failing to withhold income taxes and FICA taxes, the only duty of the employer that could conceivably (and solely for the sake of argument) be imputed to him.

Defendant is not accused of aiding and abetting Kirpal Nurses in an attempt to evade or defeat any tax, nor is he accused of failing to account for and pay over any tax that the law imposes a duty upon him to pay over.

The indictment does not allege that Defendant and Kirpal Nurses are the same entity, alter egos, and, to the contrary, the words of the indictment clearly consider them to be different persons.

In fact, although the only taxes alleged in the indictment are employment taxes, the indictment does not allege, nor does any evidence presented by the government suggest, much less prove, that Defendant is or has ever been *anyone's* employer, the only person under any legal duty to account for and pay over employment withholding taxes.

The distinction recognized by the Supreme Court in *Slodov* and by the court in *Farr* between liability for employment withholding taxes and a potential liability for the trust fund recovery civil penalty is supported by the nature of the two liabilities and the lack of any interrelation between them.

In order for the Defendant to be charged as a responsible person it must be done pursuant to 26 USCS § 6672, not as an employer pursuant to 26 USCS § 3403.

The Defendant was not the employer of any worker of Kirpal Nurses, LLC. The liability imposed on individuals under 26 USCS § 6672 is separate and distinct from the liability imposed on the employer under 26 USCS § 3403. See Datlof v. U. S., 370 F.2d 655 (3rd Cir. 1966).

The 26 USCS § 3403 Trust Fund Recovery Penalties are not penalties in the normal sense of the word, they are instead merely a tax collection device, a means of assuring payment of withholding taxes by shifting the responsibility for payment from the corporation to the

6

corporate official responsible for any non-payment. See United States v Scotto (2006, SD NY) 98 AFTR 2d 6381 for discussion of need of the Trust Fund Recovery Penalty assessment. In Scotto, the court affirmed the defendant's conviction of evasion of payment of payroll taxes under 26 U.S.C.S. § 7201 because he had been assessed as Trust Fund Recovery Penalties under 26 USCS § 6672.  That did not happen here.

The United States will likely argue that U.S. v. Thayer, 201 F.3d 214 (3d Cir. 1999), cert. denied, 530 U.S. 1244, 147 L. Ed. 2d 963, 120 S. Ct. 2691 (2000) is on point.  In Thayer, however the defendant was convicted on twenty counts of criminal liability for willful failure to pay over federal withholding and FICA taxes in violation of both 26 U.S.C. § 7202 *and* 18 U.S.C. § 2.  Thayer argued that § 7202 was not applicable because he was not a person required to pay over withheld taxes and because he truthfully accounted for the unpaid taxes. The Third Circuit found that because Thayer was civilly liable under § 6672(a) for failure to collect and pay over taxes he could be held criminally liable under § 7202.  The employment tax is a tax while the trust fund recovery penalty is a civil penalty, no tax imposed or involved.  It is difficult to imagine that a person would be guilty under § 7202 and not civilly liable under § 6672.  The decision in that case relied on the dictum in Slodov (a civil case) stating that responsible persons were subject to prosecution because the definition was parallel to the description of the offense. But in Slodov the court was (a) not ruling on the scope of 7202, nor whether that duty included failure to account for and pay, a duty the Supreme Court also said was solely that of the employer.

In Slodov, the only obligation of the responsible person to pay is a civil penalty.  The obligation to pay the taxes resides solely in the employer, And the only obligation of the

responsible person to pay is a civil penalty, something else, Then the only remaining application to the responsible person is for the withholding obligation, the first prong of § 7202. Frank McLain is not charged with that offense.   A non-employer defendant could also be charged with evasion of payment of the 100%  penalty (Farr), but not for failure to pay or evasion  of payment of the taxes (Farr again), which is the sole obligation of the employer (Slodov).  Slodov did not say that a responsible person can be prosecuted under either prong of §7202.  It simply stated that a responsible person could be prosecuted under §7202.

Because Farr is more recent and more faithful to the dictum in Slodov it should be granted greater weight than the ruling in Thayer, which actually conflicts with Slodov because Slodov held that the employer alone is liable for payment of the withholding taxes.

In the case of assessments against multiple "responsible persons" subject to the trust fund recovery civil penalty, the penalized parties are entitled to contribution between themselves (26 U.S.C. § 6672(d)), but there is no corresponding right of contribution from the employer nor is there any right of indemnification against the employer provided.

There is no credit toward the trust fund recovery penalty provided for in the case of any subsequent payment of the taxes by the employer.

There is no provision by which a delinquent employer would be entitled to any credit toward taxes owed as the result of the payment of a trust fund recovery penalty.

Thus these obligations, whether assessed or latent, are totally independent of each other and the set of persons subject to them is equally distinct.  Employers and *employers alone* are subject to liability for employment withholding taxes (*Slodov*, *supra*) and "responsible parties" are subject only to potential imposition of the civil trust fund recovery penalty (§ 6672).

It is, therefore, respectfully submitted that in order to convict Defendant of the crime alleged, failure to pay employment withholding taxes, it must prove that Defendant, and not as alleged in the indictment, Kirpal Nurses, is the employer of the nurses and staff of Kirpal Nurses[2]. Thus, the status of "employer" is an essential element in the commission of the crime charged in the indictment.

There is absolutely no evidence presented by the government in its case in chief that Defendant is the employer and the indictment itself confesses that the nurses and staff, if employees at all, were employed by Kirpal Nurses, and, therefore, it is respectfully, but strenuously, submitted that there being no evidentiary basis upon which the jury can find that Defendant was the employer of the "employees of Kirpal Nurses" (Indictment), an essential element in the crime charged, judgment of acquittal is mandated.

The court in *Farr* clearly and succinctly set out the fundamental problem of charging a defendant with one crime (in this case failure to pay employment withholding taxes) and trying him for another (in this case failure to withhold or failure to pay or evasion of a potential claim for a civil trust fund recovery penalty—it would be pure conjecture since the indictment only informs us of the former):

> "It is axiomatic in our legal system that "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Stirone v. United States*, 361 U.S. 212, 217 (1960); *see Schmuck v. United States*, 489 U.S. 705, 717 (1989) ("It is ancient doctrine of both the common law and of our Constitution that a defendant cannot be held to answer a charge not contained in the indictment brought against him."). This prohibition derives from the Fifth Amendment guarantee that "[n]o person shall be held to answer for a[n] . . . infamous crime, unless on a presentment or indictment of a Grand Jury," U.S. Const. amend. V, as well as the Sixth Amendment's assurance of a defendant's

---

[2] Ironically, the government is in the position of having to prove its indictment false in order to establish a duty imposed by law upon Defendant.

right "to be informed of the nature and cause of the accusation" against him or her, *id.* amend. VI. *See Bishop*, 469 F.3d at 902." (Farr at pp. 9-10 of opinion)

Defendant in this case is not accused of being the employer, the indictment actually identifying another, Kirpal Nurses, as the alleged employer, thus to proceed further would be to attempt to convict Defendant of a crime other than that alleged in the indictment.

The indictment does not accuse Defendant of failing to withhold taxes.

The indictment does not accuse Defendant of aiding and abetting Kirpal Nurses or any other employer, nor does it accuse him of being one under a duty to account for and pay over withheld income taxes and/or FICA taxes, nor does it accuse him of violating any duty imposed upon him by law.

Likewise, the evidence adduced through the government's case in chief is totally devoid of any proof of Defendant's status as employer, i.e., among the class of persons under a duty, imposed by law, not by contract or civil relations, to "truthfully account for and pay over to the Internal Revenue Service federal income taxes on the wages of employees of Kirpal Nurses, LLC, d/b/a Kind Hearts, and those employees' share of FICA taxes that were due and owing to the United States of America . . ."

The Defendant's motion to dismiss charge of failure to collect and pay over employment taxes under 26 USCS § 7202 should be granted because this indictment was not brought pursuant to 26 USCS § 6672 but pursuant to 26 USCS § 3403 which imposes liability on the employer. See the language of the indictment.

CONCLUSION

It is respectfully, but urgently, submitted that by the authorities cited hereinabove and based upon the evidence adduced in the government's case in chief there is no basis for a jury to

conclude that Defendant was under a duty imposed by law to account for and pay over income taxes and/or FICA taxes from the purported employees of another, i.e., Kirpal Nurses, LLC, d/b/a Kind Hearts; and that the government is seeking to convict Defendant upon facts other than those charged in the indictment, a breach of fundamental and Constitutional law, Defendant's Motion for Judgment of Acquittal is well founded and should and must be granted.

Respectfully submitted,

*s/ Rick E. Mattox*

_____
Rick E. Mattox
Attorney I.D. No. 0068731
Attorney for Defendant
Franklin Trail Office Building, Suite 250
16670 Franklin Trail
Prior Lake, MN  55372
952 469-2299
952 469-6716 fax