**UNITED STATES DISTRICT COURT**
DISTRICT OF MINNESOTA

08-CR-00010-PJS/FLN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICK J. SCHILTZ |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| FRANCIS LEROY McLAIN, | ) | FRANKLIN L. NOEL |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS INDICTMENT FOR LACK OF JURISDICTON**

COMES NOW, Defendant, Francis Leroy McLain, and would show this Court the following.

> If any tribunal finds absence of proof of jurisdiction over person or subject matter, the case must be dismissed. *Louisville R.R. v. Motley*, 211 U.S. 149.

> Once challenged, the party seeking to invoke jurisdiction has the burden of proving its existence to a legal certainty. *Maine v. Thiboutot*, 448 U.S. 1.

The Defendant has challenged *in personam* and territorial jurisdiction in this matter on numerous occasions, including, but not limited to, the following:

1. Upon being first introduced to IRS/CID special agents Shauna Snider and Jacqueline Tschida in April 2004 on private property in Montana.

2. Upon issuing a certified letter to IRS/CID special agents Shauna Snider and Jacqueline Tschida in April 2004 challenging their Authority.

1

3. Upon being raided by IRS/CID agents in Minneapolis on May 25, 2005.

4. Upon issuing a certified letter to the U.S. Attorney, Nicole Engisch in September 2005.

5. Upon issuing a certified letter to the U.S. Attorney, Nicole Engisch in March 2006.

6. Upon issuing a certified letter to the U.S. Attorney, Nicole Engisch in December 2007.

7. Upon being arrested by U.S. Marshals on January 30, 2008.

8. Upon being interviewed and interrogated by U.S. District Court Magistrate Cole in Yellowstone National Park on January 31, 2008.

9. Upon being interviewed and arraigned by U.S. District Court Magistrate Noel in Minneapolis on Feb. 25th and on Feb. 27th, 2008.

10. Upon first meeting U.S. Attorney, Nicole Engisch, in person in the U.S. District Court on February 25, 2008.

11. Upon sending an Offer in Performance certified letter to IRS/CID special agents Shauna Snider and Jacqueline Tschida on March 25th, 2008.

12. Upon filing a Motion to Dismiss for Unlawful Service of Process in May, 2008.

Not one word in response to Defendant's challenges of *in personam* and territorial jurisdiction has been uttered via any of the above government agents or by the U.S. Attorney's office to support or affirm any jurisdiction in this matter.

Recently Defendant McLain has challenged the U.S. Attorney to prove the very subject matter of 26 U.S.C. Section 7202 and the proper conveying of subject matter jurisdiction of the Indictment via two Motions to Dismiss filed with the Court on October 23rd and October 30th, 2008.

> Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, and the court has no authority to reach merits, but, rather, should dismiss the action. *Melo v. U.S.*, 505 F.2s 1026.

How did the Internal Revenue Service and the U.S. Department of Justice obtain *in personam* jurisdiction over the Defendant?  Is it their belief that there has been some violation of law committed in an area the United States owns and over which it has territorial jurisdiction?

> It is a fact of law that the person asserting jurisdiction must, when challenged, prove that jurisdiction exists.
> *McNutt v. G. M.*, 298 U.S. 178.
> *Thompson v. Gaskiel*, 315 U.S. 442
> *Albrect v. U.S.*, 273 U.S. 1

> A Court lacking jurisdiction cannot render judgment, but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. *Brasso v. Utah Power and Light Co.*, 495 F. 2d 906 (10th Cir. 1974)

Supreme Court Justice Scalia has written in his published book that in any suit at law, the very first step is to challenge jurisdiction.

No jurisdiction statement appears in the indictment.  Jurisdiction cannot simply be assumed.  It must be proven without any doubt.  No evidence has been introduced to show whether the Defendant is part of the United States government. No evidence has been introduced to show whether the Defendant is part of the

United States military.  No evidence has been introduced to show whether the Defendant is an officer or employee of the United States.  No evidence has been introduced to show whether the Defendant has been a recipient of any Social Security benefits.  No evidence has been introduced to show whether the Defendant has assaulted any federal officer, or has been involved with any narcotics.  No evidence has been introduced to show whether the Defendant lives or works in any United States territory.  How did the Internal Revenue Service and the U.S. Department of Justice assume jurisdiction?

Furthermore, no *criminal* jurisdiction statute exists in all of Title 26 of the U.S. Code under which McLain is being charged.  In Defendant's Motion to Dismiss in May 2008, the Report of the Attorney General of the United States transmitted to the Eisenhower Administration was brought to this Court's attention.  This report is called the <u>Report of the Interdepartmental Committee for the Study of Jurisdiction Over Federal Areas Within The States</u> and was written by a committee of numerous federal departments.  The report was submitted to the Attorney General Brownell and then transmitted to President Eisenhower by the Justice Department in conjunction with all the Attorney Generals of the 48 States.  This report clearly reveals that there are strict jurisdictional limits for *criminal* prosecutions by the United States government in the union States.   Please see attached **Exhibit B**.

Please see attached **Exhibits C, D, E & F** from the U.S. Attorney Criminal Resource Manual at Title 9 in regard to territorial jurisdiction, numbers 662, 664, 665 and 666 which also confirm these pleadings for the Court.

Wherefore, this Court should re-examine the records in this case, and direct the U.S. Attorney to prove *in personam* and territorial jurisdiction. If no evidence can be found of both *in personam* and territorial jurisdiction, this Court should dismiss the action.

As an offer of proof, see attached **Exhibit G**, the deed to Defendant's private property in Minneapolis that was raided by the Federal Agents on May 25, 2005 – outside the bounds of their territorial jurisdiction.

This motion is based on the indictment, the records and files in the above-entitled action, and any of the exhibits and all other matter which may be presented prior to or at the time of the hearing of said motion.

Date: November 17, 2008

Respectfully submitted,

s/ Francis Leroy McLain
_____
Francis Leroy McLain, Defendant
2300 24th Avenue South
Minneapolis, Minnesota 55406
  (406) 223-2972