UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

08-CR-00010-PJS/FLN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | JUDGE PATRICK J. SCHILTZ |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | FRANKLIN L. NOEL |
| FRANCIS LEROY MCLAIN | ) | |
| Defendant | ) | |
| _____ | ) | |

**MOTION TO DISMISS WITH PREJUDICE FOR DUE PROCESS
VIOLATIONS OF THE FOURTH AMENDMENT**

A.  **Applicable Law**

The Plain Language to the Fourth Amendment to the Constitution states

as follows:

> The Right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and *no Warrants shall issue but upon probable cause, supported by Oath or affirmation*, and particularly describing the place to be searched, and the persons or things to be seized.

The Fourth Amendment (Amendment IV) to the United States

Constitution is the part of the Bill of Rights which guards against

unreasonable searches and seizures.  It was designed as a response to

the controversial writ of assistance (a type of general search warrant),

which was a significant factor behind the American Revolution.  Toward

that end, the amendment specifically requires search and arrest warrants

1

be judicially sanctioned, supported by probable cause, and be limited in scope according to specific information supplied by a person (usually a law enforcement officer) who has sworn by it and is therefore accountable to the issuing court.

Federal Rule 3 of Criminal Procedure requires that:

> The complaint is a written statement of the essential facts constituting the offense charged.  *It must be made under oath* before a magistrate judge or, if none is reasonably available, before a state or local judicial officer.

Federal Rule of Criminal Procedure 4(a) requires that:

> **(a) Issuance**.  *If the complaint or one or more affidavits filed with the complaint establish probable cause* to believe that an offense has been committed and that the defendant committed it, the judge *must* issue an arrest warrant to an officer authorized to execute it.  At the request of an attorney for the government, the judge must issue a summons, instead of a warrant, to a person authorized to serve it.  A judge may issue more than one warrant or summons on the same complaint.  If a defendant fails to appear in response to a summons, a judge may, and upon request of an attorney for the government, must, issue a warrant.

Federal Rule of Criminal Procedure 4(b)(1) states that:

> **(1) Warrant**.  *A warrant must:*
> (A) contain the defendant's name or, if it is unknown, a name or description by which the defendant can be identified with reasonable certainty;
> (B) describe the offense charged in the complaint;
> (C) command that the defendant be arrested and brought without unnecessary delay before a magistrate judge or, if none is reasonably available, before a state or local judicial officer; and
> (D) be signed by a judge.

2

Federal Rule of Criminal Procedure 5(b), **Arrest Without a Warrant** requires:

> *If a defendant is arrested without a warrant, a complaint meeting Rule 4(a)s requirement of probable cause <u>must</u> be promptly filed* in the district where the offense was allegedly committed.

Federal Rule of Criminal Procedure 6(f) requires that a grand jury may indict <u>only if</u> at least 12 grand jurors concur. That concurrence is proven by grand jury concurrence form.

### B. <u>History</u>

A search warrant was issued on May 31, 2005, Docket # 1) and another on May 31, 2005 (Docket # 3).

An indictment was issued on January 8, 2008. No criminal complaint or probable cause affidavit was issued. (Docket # 6).

An arraignment order was issued on February 28, 2008. (Docket # 12).

A Motion for Acquittal was filed on November 12, 2008. (Docket # 132).

The case is currently in trial and the government has now rested.

### C. <u>Law as Applied to the Facts</u>

The Fourth Amendment requires that <u>*no Warrants shall issue but upon probable cause, supported by Oath or affirmation.*</u>

3

Federal Rule of Criminal Procedure 3 requires that a complaint stating the essential facts of the case be filed and that it be under oath. No such complaint exists.

Federal Rule of Criminal Procedure 4 requires a complaint, or one or more affidavits with the complaint establish that a probable cause affidavit be filed.

Federal Rule of Criminal Procedure 4(b)(1) requires a warrant to contain the defendant's name, describe the offense, command an arrest, and be signed by a judge.

Federal Rule of Criminal Procedure 5(b) requires that if a Defendant is arrested without a warrant a complaint establishing probable cause must be promptly filed with the court.

Federal Rule of Criminal Procedure 6(f) requires the concurrence of at least 12 members to obtain an indictment. This is done by Grand Jury Concurrence form.

In *Girdenello v. United States*, 357 U.S. 480 (1958), with no indictment and on his own complaint, a federal officer obtained a warrant for petitioner's arrest, but obtained no search warrant. His complaint was not based on personal knowledge, did not indicate the source of his belief that petitioner had committed a crime, and set forth no other sufficient basis for a finding of probable cause. With this warrant, he arrested petitioner and seized narcotics in his possession. The arrest and seizure

were not challenged at petitioner's arraignment, but a motion to suppress the use of the narcotics in evidence was made and denied before his trial. They were admitted in evidence at his trial in a federal district court, and he was convicted.  The Supreme Court held that the arrest and seizure were illegal, the narcotics should not have been admitted in evidence, and petitioner's conviction must be set aside.  Id, pg. 481-488:

1. By waiving preliminary examination before the Commissioner, petitioner did not surrender his right to contest in court the validity of the warrant on the grounds here asserted.  Id, pg. 483-484.

2. Under Rules 3 and 4 of the Federal Rules of Criminal Procedure, read in the light of the Fourth Amendment, probable cause was not shown by the complaint, and the warrant for arrest was issued illegally.  Id., pg. 484-487.

3. Having relied entirely in the courts below on the validity of the warrant, the Government cannot contend in this court that the arrest was justified apart from the warrant, because the arresting officer had probable cause to believe that petitioner had committed a felony, nor should the case be sent back to the District Court for a special hearing on the issue of probable cause.  Id., pg. 487-488.

In the instant case search warrants were issued (Doc. # 1 and # 3), but a review of the affidavit attached to the search warrants clearly shows the affidavits were  based on hearsay, not on personal knowledge.  No criminal complaint was filed as required, no probable cause affidavit was filed as required, an indictment was issued (Docket # 6), but no complaint was filed, no probable cause affidavit was filed as required, no oath or affirmation was filed.  Furthermore, Rule 6(f) requires evidence of a vote of

5

at least 12 grand jury members, and no grand jury concurrence form exists on the docket.

The actions of the government in this case are in direct violation of the Fourth Amendment, Federal Rules of Criminal Procedure 3, 4, 5, and 6, and the Due Process clause of the Constitution, Amendment V.

**When Due Process is violated, jurisdiction ceases**.  5 USC sections 556(d), 557, 706.

Therefore, jurisdiction ceased in this case upon the issuance of the arrest warrants, not supported by affidavit based on personal knowledge, ceased upon indictment with no criminal complaint supported by probable cause based on personal knowledge, and the failure to follow the Fourth Amendment and the Federal Rules of Criminal Procedure.

### D.   Conclusion and Prayer for Relief

For the reasons shown herein, Defendant moves that his Indictment be dismissed with prejudice for violations of the Fourth and Fifth Amendments to the Constitution, violation of the Federal Rules of Criminal Procedure, and that he be released from his illegal constraints.

Respectfully submitted this 17th day of November, 2008.
_ s/ Francis Leroy McLain
_____
Francis Leroy McLain
2300 24th Avenue South
Minneapolis, MN 55406
 (406) 223-2972

6