UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-CR-0010 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| FRANCES LEROY MCLAIN, | |
| Defendant. | |

Michael L. Cheever and David M. Genrich, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Frances Leroy McLain, defendant pro se.  (Rick E. Mattox, MATTOX LAW OFFICE, standby counsel.)

On November 18, 2008, defendant Francis Leroy McLain was convicted of nine counts of failing to account for and pay over taxes in violation of 26 U.S.C. § 7202.  Prior to trial, McLain filed a number of frivolous or near-frivolous motions.  In an order denying two of those motions, this Court wrote:  "The Court reminds McLain's counsel that he is an officer of this Court and has an independent obligation, regardless of what his client may demand, to refrain from filing frivolous motions.  He may not simply sign and file whatever his client asks him to sign and file."  Docket No. 103 at 4.

McLain's attorney took this Court's admonishment to heart.  He continued to represent McLain vigorously and skillfully, and he continued to file motions when he thought they were warranted, including a number of successful motions in limine.  But McLain's attorney did not again file a frivolous motion.  This made McLain unhappy.  In the middle of his trial — shortly after McLain's attorney filed a motion for acquittal — McLain "fired" his attorney and began representing himself, in part so that he could file a slew of additional motions that his attorney

apparently would not sign.[1]  This order addresses — and denies — both the non-frivolous motion for acquittal filed by McLain's attorney and the frivolous motions filed by McLain pro se.

### A.  *Motion for Acquittal [Docket No. 132]*

During the time period relevant to this action, McLain owned and operated a business — a business that was run under various names, including "Kind Hearts" and "Kirpal Nurses, LLC" (collectively "Kirpal") — that supplied temporary nursing staff to nursing homes and other healthcare facilities.  McLain was convicted under 26 U.S.C. § 7202 of failing to account for and pay over income and Federal Income Contribution Act ("FICA") taxes on Kirpal employees.  Section 7202 states:

> Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

McLain moves for acquittal on the basis that there is no evidence — indeed, the indictment does not even allege — that McLain personally employed any of the Kirpal staff.  Instead, McLain argues, Kirpal was the employer, and under the relevant statutes only Kirpal had a duty to account for and pay over taxes on its employees.  *See* 26 U.S.C. § 3402(a)(1) (imposing duty to withhold income taxes on the "employer"); 26 U.S.C. § 3403 (imposing

---

[1] McLain hand-delivered several of these motions to Court personnel during the course of his trial.  Only some of the hand-delivered motions were also filed electronically.  Motions that were not filed electronically include a motion to dismiss for lack of subject-matter jurisdiction and a motion to dismiss for defective indictment.  These motions have now been docketed and are addressed in this order.

liability for tax withheld under § 3402 on the "employer"); 26 U.S.C. § 3102(a) (imposing duty to withhold FICA taxes on the "employer"); 26 U.S.C. § 3102(b) (imposing liability for tax withheld under § 3102(a) on the "employer").  Because he was not the employer, McLain argues, he was not a "person required under this title to . . . account for[] and pay over any tax imposed by this title" within the meaning of § 7202.[2]

If it were writing on a clean slate, this Court would have some sympathy for McLain's argument, which finds support in the literal terms of the relevant statutes.  But the slate has not been clean for over thirty years — not since the Supreme Court issued its decision in *Slodov v. United States*, 436 U.S. 238 (1978), and federal courts, in reliance on *Slodov*, began holding that an officer or employee of a corporate employer can indeed be convicted of violating § 7202.

*Slodov* itself was not a criminal case.  Instead, it addressed the liability of an individual for failing to pay over income and FICA taxes under 26 U.S.C. § 6672, which is the civil counterpart to § 7202.  Like § 7202, § 6672 applies to "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title" and imposes a civil penalty equal to the amount of the tax delinquency on such persons.  As the Supreme Court explained in *Slodov*, an officer or employee of a corporate employer can be a "person required to collect, truthfully account for, and pay over" taxes under § 6672 by virtue of 26 U.S.C. § 6671(b), which states:

---

[2] McLain concedes the possibility that he could be a person required to "collect" federal income and FICA taxes, but points out that the indictment does not charge him with a failure to collect.

> The term "person", as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

*See Slodov*, 436 U.S. at 244-45.  Although the Supreme Court did not explicitly dissect the language of §§ 6672 and 6671(b), the Court must have reasoned that while the employer is liable for payment of the taxes "imposed by this title" within the meaning of § 6672, a person can be required to "collect, truthfully account for, and pay over" those taxes even if that person is not himself the employer, but merely an officer or employee of the employer.

As the Supreme Court recognized, § 7202 tracks the wording of § 6672.  *Slodov*, 436 U.S. at 245.  And § 7202 incorporates a similar definition of "person."  *See* 26 U.S.C. § 7343.  Thus, just as an individual corporate officer or employee can be civilly liable under § 6672, that officer or employee can be criminally liable under § 7202.  "[A]n employer-official or other employee responsible for collecting and paying taxes who willfully fails to do so is subject to both a civil penalty equivalent to 100% of the taxes not collected or paid, *and to a felony conviction*."  *Slodov*, 436 U.S. at 245 (emphasis added).  Under *Slodov*, then, McLain can be convicted under § 7202 even though he personally did not employ any of the staff at Kirpal.

McLain also argues that, even if he could be held criminally liable under § 7202, the United States must seek to impose a civil penalty against him under § 6672 before it can prosecute him under § 7202.  McLain argues further that he cannot be ordered to pay a civil penalty under § 6672(a) because he did not receive the written notice required by § 6672(b).  Because he received no notice under § 6672(b), McLain argues, he cannot be penalized under § 6672(a), and because he cannot be penalized under § 6672(a), he cannot be convicted under § 7202.

McLain misreads the statute.  Nothing in any statute or judicial opinion requires the government to proceed against an individual civilly under § 6672(a) before bringing a criminal prosecution under § 7202.  In addition, nothing in any statute or judicial opinion requires the government to provide notice under § 6672(b) before proceeding under § 7202.  To the contrary, the notice provision of § 6672(b), on its face, applies only to the civil "penalty . . . imposed under subsection (a) [of § 6672] . . . ."  Obviously, a sentence of imprisonment or fine imposed on someone convicted of violating § 7202 is not a civil "penalty . . . imposed under subsection (a) [of § 6672] . . . ."  Moreover, both § 6672 and § 7202 provide that the penalties they authorize are "in addition to other penalties provided by law . . . ."  Thus, the civil and criminal penalties of the two statutes, although complementary, are separate, and the notice provision of § 6672(b) does not apply to prosecutions under § 7202.

McLain suggests that it is anomalous to require the government to provide notice before seeking a civil sanction but not to provide notice before seeking a criminal sanction.  McLain overlooks the fact that a person charged with a crime enjoys numerous constitutional protections, including not only the right to specific written notice of the charges against him, but a presumption of innocence that can be overcome only by proof of guilt beyond a reasonable doubt.  There is nothing anomalous about requiring notice before a civil penalty is imposed on someone who does not enjoy the protections afforded to criminal defendants, but not requiring notice before a fine or sentence of imprisonment is imposed on someone who does enjoy those protections.

Finally, McLain cites the recent case of *United States v. Farr*, 536 F.3d 1174 (10th Cir. 2008), contending that it supports his argument that only employers may be criminally liable

under § 7202. McLain reads too much into *Farr*. In *Farr*, the defendant was indicted for evading income and FICA taxes "due and owing by her" under 26 U.S.C. § 7201, a generic tax-evasion provision. *Id.* at 1177-78. The defendant argued that, because she personally was not the employer, the taxes were not "due and owing by her." *Id.* at 1178. At trial, the government did not attempt to prove that the taxes were "due and owing by" the defendant, but instead offered proof that she had failed to pay the civil penalty that had been assessed against her under § 6672. *Id.* at 1178. The Tenth Circuit reversed the defendant's conviction because she had not been charged with failure to pay the civil penalty; thus, the district-court proceedings impermissibly amended the indictment. *Id.* at 1179.

The question in *Farr*, then, was whether the defendant was convicted of the same crime with which she was charged. *Farr* did not have occasion to consider whether the defendant could have been convicted for failing to account for and pay over taxes under § 7202 despite the fact that she was not the "employer." To the extent *Farr* is relevant at all, it suggests that the defendant *could* have been found criminally liable under § 7202. After all, she had been held civilly liable for a penalty under § 6672, the civil counterpart to § 7202. But rather than indicting the *Farr* defendant under § 7202, the government chose to indict her under § 7201 for failure to pay taxes "due and owing by her."

Section 7202 does not require that the taxes be "due and owing" by the person charged.[3] Instead, § 7202 requires that the person be required to "account for" and "pay over" taxes.

---

[3]Similarly, § 7201 does not contain language requiring that the taxes be "due and owing by" the defendant. The "due and owing by" language, which caused the government so much trouble, appeared in the *Farr* indictment. As *Farr* noted, "[h]ad the government simply charged Ms. Farr generically under Section 7201 with the willful evasion of a tax, we might have a different situation." *Farr*, 536 F.3d at 1181.

Again, as a number of courts have held, an individual who works for the "employer" can be a person required to "account for" and "pay over" taxes under § 7202 and can be held criminally liable for a willful failure to perform those duties.  *See, e.g.*, *United States v. Thayer*, 201 F.3d 214, 219-20 (3d Cir. 1999).  McLain's motion for acquittal is therefore denied.

McLain's motion for acquittal (which, again, was filed by his attorney shortly before McLain decided to represent himself) was meritless, but certainly not frivolous.  The same cannot be said of McLain's pro se motions.  For the most part, those motions rely on tired tax-protester arguments that have been rejected on countless occasions by the federal courts.  The Court now turns to these motions.

### B.  Motion to Dismiss for Lack of In Personam and Territorial Jurisdiction [Docket No. 142]

McLain moves to dismiss the charges against him because, he argues, (1) he is a "natural human being" and the United States therefore does not have jurisdiction over him; (2) the United States lacks jurisdiction over crimes not committed on federal property; and (3) the Court lacks jurisdiction over crimes codified in Title 26 of the United States Code.  McLain is wrong on all three counts.  Under 18 U.S.C. § 3231, the Court has original jurisdiction over "all offenses against the laws of the United States," including offenses under Title 26 of the United States Code.  *United States v. Schmitt*, 784 F.2d 880, 882 (8th Cir. 1986).  The argument that the United States lacks jurisdiction over McLain because he is a "natural human being" is similarly frivolous.  *Id.*  Finally, as federal courts have held time and again, it is simply not true that the United States cannot prosecute crimes that are not committed on federal property.  *See United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994).

*C. Motion to Dismiss for Due Process Violations [Docket No. 144]*

McLain moves to dismiss the indictment against him for violations of due process and the Fourth Amendment. In his motion, McLain alleges a number of procedural defects in the prosecution of his case. The Court will specifically address two of McLain's arguments.

First, McLain argues that the indictment is defective because no Fed. R. Crim. P. 3 complaint appears on the docket. This argument misconstrues the nature and purpose of a criminal complaint. The purpose of a complaint is to establish probable cause for an arrest; it is not a prerequisite to the issuing of an indictment. *United States v. Wash. Water Power Co.*, 793 F.2d 1079, 1085 (9th Cir. 1986) ("an indictment can be brought in lieu of filing a complaint"). Nor is it necessary, as McLain seems to argue, for a criminal complaint to be filed as a prerequisite to the issuance of a search warrant, as opposed to an arrest warrant. *Cf.* Fed. R. Crim. P. 4 (setting forth standards for issuing an arrest warrant on a criminal complaint); *see also Giordenello v. United States*, 357 U.S. 480, 485 (1958) ("Criminal Rules 3 and 4 provide that an arrest warrant shall be issued only upon a written and sworn complaint . . . ."); 1 Charles Alan Wright & Andrew D. Leipold, *Federal Practice and Procedure: Criminal* § 41 at 33 (4th ed. 2008) (criminal complaint's "main function is to serve as the basis for an application for an arrest warrant"). Moreover, even if his arrest or the searches of his property were illegal, McLain does not identify any evidence that he thinks should have been suppressed, and he cites no authority for the proposition that the proper remedy for an illegal search or seizure is the dismissal of the indictment.

Second, McLain argues that the indictment is defective because the docket does not include a grand-jury concurrence form. McLain, of course, was convicted because twelve of his

fellow citizens — jurors who were polled in open court in front of McLain — found that the government had proven beyond a reasonable doubt that McLain had committed the offenses for which he was indicted. But McLain argues that the indictment was defective because there is no grand-jury concurrence form on the docket to prove that at least twelve members of the grand jury concurred in the indictment — i.e., to prove that twelve of his fellow citizens found that the government had established probable cause to believe that McLain had committed the offenses for which he was indicted.

Under Fed. R. Crim. P. 6(c), the grand-jury foreperson is required to record the number of jurors concurring in every indictment and file that record with the Clerk of Court. But Rule 6(c) also states that the record of concurring jurors "may not be made public unless the court so orders." To be entitled to disclosure of the grand-jury concurrence form, a defendant must meet the standards articulated in Rule 6(e)(3)(E)(ii), which requires the defendant to make a particularized showing that grounds for dismissal might exist because of matters occurring before the grand jury. McLain has made no such showing. *See United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir.1994) ("A long line of cases in this Circuit note that 'a bare allegation that the records [of a grand jury] are necessary to determine if there may be a defect in the grand jury process does not satisfy the "particularized need" requirement.' *United States v. Warren*, 16 F.3d 247, 283 (8th Cir. 1994)."). McLain's motion to dismiss for due process violations is therefore denied.[4]

---

[4] For the same reason, the Court also denies McLain's most recent motion for disclosure of the concurrence form and transcripts of the grand-jury proceedings. Docket No. 164.

*D. Motion to Arrest Judgment for Unconstitutionality of Title 18 [Docket No. 150]*

This motion reiterates the argument that the Court lacks jurisdiction over crimes codified in Title 26, which the Court has rejected, and adds the new argument that Title 18 was not constitutionally enacted into law. This argument, too, is frivolous. *See United States v. Abdullah*, 289 Fed. Appx. 541, 543 n.1 (3d Cir. 2008); *United States v. Miles*, 244 Fed. Appx. 31, 33 (7th Cir. 2007); *United States v. Martinez*, Nos. 04-0157, 05-0423, 2006 WL 1293261, at *5-6 (S.D. Tex. May 6, 2006). This motion is therefore denied.

*E. Motion to Arrest Judgment for Lack of Federal Jurisdiction [Docket No. 152]*

In this motion, McLain argues that the federal government's taxing authority is coextensive with its power to regulate, and argues that, because the United States lacks the power to regulate him or his company, it therefore lacks the power to require him or his company to account for and pay over taxes. Although McLain's argument is somewhat difficult to follow, it seems to rest on at least three contentions: (1) the employment taxes at issue are "indirect" taxes on activities rather than "direct" taxes on individuals because, according to McLain, the federal government lacks the power to tax individuals directly; (2) the federal government lacks the power to tax activities that it cannot regulate; and (3) the federal government cannot regulate McLain's business activities because they do not take place on federal property.

All of McLain's premises are wrong. The federal government indeed has the power to tax income directly, even if that income is neither earned on federal property nor through federal employment. *See Mundt*, 29 F.3d at 237; *United States v. Sloan*, 939 F.2d 499, 501 (7th Cir. 1991) ("All individuals, natural or unnatural, must pay federal income tax on their wages,

regardless of whether they requested, obtained or exercised any privilege from the federal government." (citation and quotations omitted)); *United States v. Collins*, 920 F.2d 619, 630 (10th Cir. 1990) ("For seventy-five years, the Supreme Court has recognized that the sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation, not just in federal enclaves . . . ."). Likewise, the United States has the authority to regulate McLain's business, even though its activities did not take place on federal property. That authority is found in, among other places, the Commerce Clause (Article 1, Section 8, Clause 3) and the Necessary and Proper Clause (Article 1, Section 8, Clause 18) of the United States Constitution. Moreover, even if McLain were correct that the United States has no direct authority to regulate his business activities — and he is not — the Supreme Court long ago recognized that Congress can tax activities that it lacks the power to regulate directly. *See License Tax Cases*, 72 U.S. (5 Wall.) 462, 471-75 (1866) (upholding federal law imposing a tax on activities that the federal government had no direct power to regulate). McLain's motion to arrest judgment for lack of federal jurisdiction is therefore denied.

      F.  *Motion to Dismiss for Lack of Subject-Matter Jurisdiction [Docket No. 160]*

In this motion, McLain argues generally that the Court has a duty to determine whether it has jurisdiction, but he adds nothing substantive to his other jurisdictional arguments. This motion is therefore denied for the same reasons that his other motions are denied.

*G. Motion to Dismiss for Defective Indictment [Docket No. 162]*

In this motion,[5] McLain argues that the failure to collect, account for, and pay over income and FICA taxes cannot give rise to criminal liability under 26 U.S.C. § 7202.  As noted above, § 7202 imposes criminal penalties on "[a]ny person required under this title to collect, account for, and pay over any tax imposed by this title" who willfully fails to perform those duties.  McLain argues that income and FICA taxes are not taxes "imposed by this title" because, according to McLain, "this title" refers to something other than Title 26 of the United States Code.

Specifically, McLain claims that the phrase "this title" in § 7202 is intended to refer to Title I of the Revenue Act of 1938, ch. 289, 52 Stat. 447 (1938).  According to McLain, § 145 of the 1938 Act, which contains language similar to § 7202, is the original Statute at Large upon which § 7202 is based.  And because Title I of the 1938 Act does not impose any income or FICA taxes, McLain argues, income and FICA taxes are not "imposed by this title" for purposes of § 7202.

McLain acknowledges that the Statute at Large which serves as the basis of Title 26 of the United States Code (including the modern-day version of § 7202) is the Internal Revenue Code of 1954.[6]  *See* Internal Revenue Code of 1954, ch. 736, 68A Stat. 3 (1954).  But according

---

[5]This motion was signed by McLain's attorney, but only after the attorney explained to the Court that McLain had prepared the motion and was insisting that it be filed, and only after the attorney sought and received the Court's permission to file the motion on McLain's behalf. For all practical purposes, the motion was filed by McLain pro se.

[6]McLain also contends that the Internal Revenue Code of 1954 is prima facie evidence of the law on which Title 26 is based.  Docket No. 163 at 4.  McLain is incorrect.  The Internal Revenue Code of 1954 was enacted into positive law in the form of a separate code and, as amended, is the authoritative statement of the law.  1 U.S.C. § 204(a) & note; ch. 736, 68A Stat.

to McLain, the 1954 Code is not particularly relevant because it was intended to serve mostly as a reorganization — rather than revision — of existing tax law.  Specifically, McLain cites the legislative history of the 1954 Code to argue that § 7202 of the Code was not intended to change existing law.  With respect to § 7202 of the 1954 Code, the Senate and House Committee Reports state:

> This section provides that, in the case of any tax imposed by this title which any person must collect and pay over to the United States, it is a felony punishable by a fine of not more than $10,000, or imprisonment for not more than 5 years, or both, willfully to fail to collect or truthfully account for and pay over such tax.  This provision corresponds to numerous sections of existing law which cover this offense.

S. Rep. 83-1622 (1954), *as reprinted in* 1954 U.S.C.C.A.N. 4621, 5251; H.R. Rep. 83-1337 (1954), *as reprinted in* 1954 U.S.C.C.A.N. 4017, 4572.  McLain relies on the last sentence to argue that § 7202 is merely a restatement of previous law and that no change in its scope was intended.

McLain's reliance on this sentence of legislative history is misplaced.  When the text of a statute is clear, courts do not look to legislative history — at all.  *Ratzlaf v. United States*, 510 U.S. 135, 147-48 (1994) ("we do not resort to legislative history to cloud a statutory text that is

---

3, 3 (1954); Pub. L. No. 99-514, 100 Stat. 2085, 2095 (1986) (stating that the Internal Revenue Title enacted in 1954, as amended, may be cited as the Internal Revenue Code of 1986); *Tax Analysts v. IRS*, 214 F.3d 179, 182 n.1 (D.C. Cir. 2000).  Moreover, while McLain is technically correct in arguing that Title 26 is merely prima facie evidence of the law, the distinction is largely academic because the relevant sections of Title 26 are identical to the relevant sections of the Internal Revenue Code.  1 U.S.C. § 204(a) note; *O'Boyle v. United States*, No. 07-10006, 2007 WL 2113583, at *1 & n.1 (S.D. Fla. July 23, 2007).

clear").[7]  And an examination of the Internal Revenue Code of 1954 makes plain that the phrase "this title" in § 7202 refers to the entire 1954 Code, including the income and FICA taxes imposed thereunder.  The 1954 Code states that "[t]he provisions of this Act set forth under the heading 'Internal Revenue Title' may be cited as the 'Internal Revenue Code of 1954'." Ch. 736, 68A Stat. 3, 3 (1954).  In other words, the "Internal Revenue Code" is another name for the "Internal Revenue Title" that forms the basis of Title 26.  The phrase "this title" in § 7202 of the 1954 Code thus refers to the entire 1954 Code, and likewise the identical phrase in 26 U.S.C. § 7202 refers to all of Title 26.

The Court therefore rejects McLain's argument that it is necessary (or even permissible) to refer to the 1938 Act, or any other prior version of the tax laws, in order to interpret the meaning of § 7202.  The Internal Revenue Code of 1954 is the correct Statute at Large to consider when construing the meaning of "this title" in § 7202, and § 7202 plainly applies to income and FICA taxes imposed under Title 26.  For these reasons, McLain's motion to dismiss for defective indictment is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Defendant's motion for acquittal [Docket No. 132] is DENIED.

---

[7]Even if the Court did look to legislative history, that history would not necessarily compel the conclusion suggested by McLain.  The ambiguous statement on which McLain relies merely states that § 7202 *corresponds* to existing law; it does not say that it is identical to existing law or that no substantive change was intended.  In contrast, the Congressional reports repeatedly use some variation of the phrase "[t]his section contains no material change from existing law" when no substantive change was intended.  *See, e.g.*, H.R. Rep. 83-1337 (1954), *as reprinted in* 1954 U.S.C.C.A.N. 4017, 4572, 4573.

2. Defendant's motion to dismiss for lack of in personam and territorial jurisdiction [Docket No. 142] is DENIED.

3. Defendant's motion to dismiss for due process violations [Docket No. 144] is DENIED.

4. Defendant's motion to arrest judgment for unconstitutionality of Title 18 [Docket No. 150] is DENIED.

5. Defendant's motion to arrest judgment for lack of federal jurisdiction [Docket No. 152] is DENIED.

6. Defendant's motion to dismiss for lack of subject-matter jurisdiction [Docket No. 160] is DENIED.

7. Defendant's motion to dismiss for defective indictment [Docket No. 162] is DENIED.

8. Defendant's motion for disclosure of grand-jury transcripts and concurrence form [Docket No. 164] is DENIED.

Dated: February 17, 2009                          s/Patrick J. Schiltz
                                                  Patrick J. Schiltz
                                                  United States District Judge