UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-CR-0010 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR RELEASE FROM CUSTODY |
| FRANCIS LEROY MCLAIN, | |
| Defendant. | |

---

Michael L. Cheever and David M. Genrich, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Francis Leroy McLain, defendant pro se.  (Rick E. Mattox, MATTOX LAW OFFICE, standby counsel.)

Defendant Francis Leroy McLain is awaiting sentencing after being convicted by a jury of nine counts of failing to account for and pay over taxes in violation of 26 U.S.C. § 7202.  At a sentencing hearing on April 8, 2009, the Court granted the government's motion to detain McLain under 18 U.S.C. § 3143(a)(1).[1]  McLain has now moved for release pending sentencing and for voluntary surrender.

As explained in the Court's previous order taking McLain into custody, McLain was originally released pending trial on a $25,000 unsecured bond after he executed a written promise to obey the conditions of his release.  *See* Docket No. 51.  Shortly before his April sentencing hearing, though, McLain filed a document entitled "Election of Private Counsel and Power of Attorney" ("Election").  Docket Nos. 188, 190.  In that document, McLain declared

---

[1] As explained elsewhere, the Court continued the hearing to permit McLain to attempt to obtain counsel.  *See* Docket No. 202.  Currently, McLain is scheduled to be sentenced on August 13, 2009.

that the United States — including this Court — has no authority whatsoever over him, and McLain purported to rescind any promises he has made or agreements he has reached with the United States, which obviously includes his written promise to obey the conditions of his release.

Because McLain has been convicted of an offense for which the applicable Sentencing Guideline recommends a term of imprisonment, the Court is required to detain McLain unless McLain can prove, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community.  *See* 18 U.S.C. § 3143(a)(1).  In light of McLain's "Election" — in which he expressly declared that he was no longer bound by his promises to the United States and its agencies — the Court held that it could not make such a finding.  The Court also noted that McLain has the means to flee, as trial evidence suggested that he has access to considerable wealth.

In his current motion, McLain promises to abide by the conditions of release and appear at all hearings.  McLain also states that he has rescinded the "Election" and claims that he did not think through the ramifications of signing such a document.  In the Court's experience, however, McLain is an extremely thorough and meticulous man, particularly when it comes to looking out for his own interests.  McLain is very bright, and he reads statutes, rules, orders, and other documents very carefully.  The Court finds it implausible that McLain was not fully aware of the content and meaning of the "Election" that he signed.  For example, the Court has difficulty believing that McLain did not understand the meaning of the following:  "I, Francis Leroy; of the Family/Clan; McLain, aka; Frank Leroy McLain, HEREBY, make void *ab initio* and rescind/cancel ALL signatures on all UNITED STATES Government Contracts and I make void and rescind all My signatures on any contracts of any of its agencies . . . ."

As the Court noted in its previous order, McLain's signing of the "Election" demonstrates that he feels no obligation to honor promises that he makes to the government. McLain's willingness to cancel the "Election" and to volunteer to make new promises to the government gives the Court little comfort. McLain has already demonstrated that he does not consider his promises binding and will repudiate them when it is to his advantage to do so. For this reason, McLain has not met his burden of proving, by clear and convincing evidence, that he is unlikely to flee. McLain's motion for release is therefore denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendant's motion for release [Docket No. 228] is DENIED.

Dated: July 13, 2009
                     s/Patrick J. Schiltz
                     Patrick J. Schiltz
                     United States District Judge