UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-CR-0010 (PJS/FLN) |
| | Case No. 13-CV-0630 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| FRANCIS LEROY MCLAIN, | |
| Defendant. | |

Francis Leroy McLain, defendant pro se.

During the time period relevant to this case, defendant Francis McLain owned and operated a business — a business that was run under various names, including "Kind Hearts" and "Kirpal Nurses, LLC" (collectively "Kirpal") — that supplied temporary nursing staff to nursing homes and other healthcare facilities. McLain was convicted by a jury of nine counts of failing to account for and pay over employment taxes on Kirpal employees in violation of 26 U.S.C. § 7202.

The Court originally sentenced McLain to 48 months' imprisonment and a $75,000 fine. McLain appealed, and the Eighth Circuit affirmed his conviction but remanded for resentencing. *United States v. McLain*, 646 F.3d 599 (8th Cir. 2011) (*McLain I*). On remand, and after an evidentiary hearing at which the government presented evidence that McLain engaged in fraud while in prison, the Court sentenced McLain to 55 months' imprisonment and reimposed the $75,000 fine. McLain again appealed, and the Eighth Circuit affirmed. *United States v. McLain*, 709 F.3d 1198 (8th Cir. 2013).

This matter is before the Court on McLain's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.[1] For the reasons stated below, the motion is denied. Because the record conclusively demonstrates that McLain is not entitled to relief, no hearing is necessary. 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

McLain presents eight separate numbered grounds for relief in his § 2255 motion. Although he frames his claims in different ways — such as that the indictment was defective, his counsel was ineffective, and the jury instructions were erroneous — his claims largely focus on three core contentions. Specifically, McLain contends that he was not the employer and so cannot be liable for failing to account for and pay over employment taxes; that a civil notice and tax assessment under 26 U.S.C. § 6672 is a prerequisite to a criminal prosecution under § 7202; and that private employers are not required to file quarterly tax returns for employment taxes. All three of these arguments were considered and rejected by the Eighth Circuit on direct appeal. *See McLain I*, 646 F.3d at 602-03. McLain therefore cannot relitigate them in a § 2255 proceeding. *See United States v. Lee*, 715 F.3d 215, 224 (8th Cir. 2013) ("Claims that were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." (citation and quotations omitted)).

---

[1]The Court notes that McLain was apparently released from prison shortly after he filed his § 2255 motion. *See* ECF No. 333 (indicating that McLain's term of supervised release began on March 26, 2013). McLain's release does not render his motion moot, however, because his conviction could have collateral consequences and, so far as the Court is aware, he was still in federal custody when he initiated these proceedings. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

The remainder of McLain's arguments fare no better.² For example, McLain contends that the government's refusal to accept his treatment of the Kirpal nurses as independent contractors violates the Contract Clause in Art. I, § 10, cl. 1 of the United States Constitution. The Contract Clause, however, does not apply to the federal government. *Pension Benefit Guar. Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 732-33 (1984).

McLain also contends that Internal Revenue Service ("IRS") agents violated the law by carrying firearms during a search of McLain's property. Under 26 U.S.C. § 7608, IRS agents charged with the duty of enforcing certain provisions of the Internal Revenue Code are authorized to carry firearms. But "the specific authority granted IRS officers by 26 U.S.C. § 7608(a)(1) to carry firearms in cases of the enforcement of certain laws, does not negate the authority of such officers to carry firearms in cases of the violation of other laws . . . ." *United States v. Adams*, No. 96-529, 1997 WL 154021, at *1 (S.D.N.Y. Apr. 2, 1997). Even if the agents violated § 7608, McLain does not contend that whatever evidence was discovered during that search should have been suppressed, much less cite any authority for the proposition that suppression is a remedy for a violation of § 7608. Whether the IRS agents violated the law by carrying firearms is therefore irrelevant in this proceeding, in which McLain must show that his sentence was imposed in violation of the law. 28 U.S.C. § 2255(a).

McLain next argues that his equal-protection rights were violated because the government prosecuted him — but, McLain presumes, not others — without first assessing a civil penalty. In order to prevail on a claim of selective prosecution, a defendant must show that similarly situated individuals were not prosecuted and that the decision to prosecute him was motivated by a

---

²In addition to failing on the merits, many of them are likely also procedurally barred.

discriminatory purpose. *United States v. Peterson*, 652 F.3d 979, 981 (8th Cir. 2011). McLain does not even allege a discriminatory purpose, and his equal-protection claim therefore fails.

Moreover, the record in this case establishes a compelling reason why McLain was not first assessed a civil penalty. The evidence demonstrated that McLain previously ran businesses similar to Kirpal in which he evaded his obligations to account for and pay over employment taxes. Among other things, the evidence showed that McLain tried to disguise the nature of the businesses and the payments that he made to nursing staff. In 1998, McLain signed a settlement agreement with the government in which he agreed that his businesses and any similar future businesses would treat nursing personnel as employees rather than independent contractors. McLain almost immediately began violating the agreement and engaging in shell games to hide both his assets and his interest in the nursing agencies he created. In other words, the government had tried in the past to use civil remedies against McLain, and those civil remedies had proven ineffective because of McLain's unwillingness to keep his promises and willingness to fraudulently conceal his activities from the government. Under these circumstances, it was perfectly rational for the government to pursue criminal penalties rather than undertake another attempt at civil enforcement. McLain therefore has no viable equal-protection claim.

McLain next claims that his trial attorney, Rick Mattox, was ineffective for various reasons. Specifically, McLain contends that Mattox failed to interview Kirpal nurses or nursing assistants; failed to prepare defense witnesses; failed to interview McLain's former attorneys, who supported Kirpal's decision to treat its workers as independent contractors; and failed to submit jury instructions on an advice-of-counsel defense. McLain cannot show prejudice from any of these alleged failures, however. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984)

(to prevail on claim of ineffective assistance, defendant must show a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different).

After the government rested its case, McLain elected to proceed pro se. During McLain's *Faretta* hearing, the Court specifically informed McLain that he had the right to present evidence concerning what he had been told about the tax laws. ECF No. 213 at 26. The Court also asked McLain whether he was prepared to proceed or whether he instead would seek a recess. *Id.* at 26-28. McLain responded that he was prepared to proceed. *Id.* at 29.

McLain does not identify any testimony or evidence that was not presented because of Mattox's alleged failures, nor does he identify any deficiencies in Mattox's cross examination of government witnesses. After taking over his own defense, McLain was free to — and did — present testimony from one of his former attorneys, who testified that he advised McLain that the nurses who worked for one of McLain's previous agencies were independent contractors and that other attorneys had given McLain similar advice. ECF No. 213 at 74-82, 93-101. Because McLain himself conducted the direct examination, Mattox's alleged failure to interview McLain's former attorneys is irrelevant (and in any event McLain does not explain how that alleged failure affected the case). And the fact that McLain chose to present testimony from one of his former attorneys demonstrates that McLain knew how to present an advice-of-counsel defense and must have chosen not to present testimony from his other former attorneys.

As for an advice-of-counsel instruction: Mattox's failure to request such an instruction before trial did not cause McLain to forfeit any right to such an instruction. Nothing prevented McLain from requesting such an instruction at the charge conference, at which McLain represented himself. Any failure to request a particular instruction is therefore chargeable to

McLain, not Mattox. Setting that aside, the jury was thoroughly instructed on the issue of willfulness, and in particular was instructed that it could consider what McLain's attorney had told him about a "safe harbor" provision in the tax code, which was the focus of much of the attorney's testimony. ECF No. 147 at 10-12. In addition, during the attorney's testimony, the Court instructed the jury that it could consider that testimony on the issue of willfulness. ECF No. 213 at 80-81. The substance of an advice-of-counsel defense was therefore adequately submitted to the jury.

Finally, any error with respect to the jury instructions — or with respect to McLain's presentation of an advice-of-counsel defense — was harmless in light of the overwhelming evidence that McLain acted willfully when he violated the tax laws. As noted, McLain had earlier entered into a settlement agreement with the IRS in which McLain agreed that his businesses would treat nursing personnel as employees, and his attorney advised him about the implications of that agreement. ECF No. 213 at 107-08, 110. McLain almost immediately began violating that agreement and fraudulently concealing his violations from the government.

In addition, McLain actually withheld employment taxes on some Kirpal employees — including office workers, whom McLain has never argued were independent contractors — but failed to account for or pay over those taxes to the IRS. It is not plausible that McLain merely made a mistake; the evidence established that McLain is a sophisticated businessman who has expertise in the intricacies of the tax laws and who well knows how to account for and pay over employment taxes. The jury chose to draw the only reasonable inference, which is that McLain simply stole the employment taxes that he withheld from the paychecks of some Kirpal employees. Finally, McLain signed multiple forms in which he (falsely) certified that, in

compliance with Minn. Stat. § 144A.72, subd. 1(9), he treated the nursing personnel as employees rather than independent contractors — evidence that the Eighth Circuit described as "highly relevant to McLain's willfulness . . . ." *McLain I*, 646 F.3d at 602. In light of all of this evidence, there is no reasonable probability that the result of the proceeding would have been different without the alleged errors. *See Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011) (defendant could not show that he was prejudiced by alleged ineffective assistance in light of overwhelming evidence of guilt).

McLain finally contends that his appellate attorney, Alan Ellis, was ineffective. McLain claims that Ellis failed to consult with McLain about what issues to raise on appeal, never ordered or read any of the transcripts, failed to request oral argument, and had never handled an appeal before. Because the Eighth Circuit permitted McLain to file a supplemental pro se brief, however, McLain cannot show that he was prejudiced by Ellis's failure to consult with him about the appeal. Setting that aside, McLain does not explain how these alleged failures prejudiced him. Indeed, in *McLain I* the Eighth Circuit agreed with the only argument that Ellis presented, which tends to show that Ellis acted wisely in choosing to focus on that argument. The general allegation that the lack of oral argument diminished McLain's chances of clarifying the issues he raised in his supplemental brief is not sufficient to show prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 327] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 8, 2013                         s/Patrick J. Schiltz
                                               Patrick J. Schiltz
                                               United States District Judge